PHILIP J. SHAKRO ET AL. *v.* GEORGE HADDAD ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued November 8—decided December 28, 1961

*Richard Hanna,* with whom, on the brief, was *Bobby S. Payne,* for the appellants (defendants Mabel Haddad and Conrad Haddad).

*George Papazoglou,* with whom was *William R. Ratchford,* for the appellees (plaintiffs).

ALCORN, J.  This is an action for damages, in two counts, against the named defendant, hereinafter referred to as the defendant, the defendant's wife, hereinafter referred to as Mabel, and the defendant's son, hereinafter referred to as Conrad.  The first count is for money owed by the defendant. The second count is based on a note allegedly signed by all three defendants. All the defendants filed a general denial. Mabel and Conrad filed a special defense alleging that they received no consideration for executing the note. Judgment was rendered for the de-

fendant on the first count and for the plaintiffs on the second count. Mabel and Conrad have appealed.

They have assigned error in the refusal of the court to find as facts certain paragraphs of the draft finding on the ground that the evidence in support thereof was "uncontradicted." This is an ineffective attack on the finding. Practice Book § 397(a). We can add only facts which are admitted or undisputed. *Saunders* v. *Saunders,* 140 Conn. 140, 143, 98 A.2d 815. Facts are not admitted or undisputed merely because they are not contradicted. The question of credibility is for the trier. Practice Book § 397(a); *Brown* v. *Connecticut Light & Power Co.,* 145 Conn. 290, 293, 141 A.2d 634; *State* v. *Annunziato,* 145 Conn. 124, 129, 139 A.2d 612.

Mabel and Conrad also seek to eliminate eleven paragraphs of the finding on the ground that they were found without evidence. Only one of them requires discussion. This is the finding that Mabel and Conrad signed the note. The note bearing the claimed signatures of all the defendants, and a number of checks purporting to bear the signatures of Mabel and Conrad, were introduced in evidence without objection. Also without objection, Conrad signed his name in court on a piece of paper which was then introduced in evidence. Conrad testified that his signature on the checks in evidence was genuine. The defendant testified that Mabel's signature on the checks in evidence was genuine. The court made a comparison of the signatures on the note with the signatures on the checks and the paper in evidence. The named plaintiff, hereinafter referred to as the plaintiff, gave his lay opinion that the note bore the signatures of Mabel, Conrad and the defendant and testified that he knew the signatures of Mabel and Conrad because he had seen

checks with their endorsements thereon. The defendants did not object to this testimony and made no claim of law in the trial court that the plaintiff was not qualified or competent to so testify. The claim that the court erred in finding, without expert opinion as to the authenticity of the signatures, that Mabel and Conrad signed the note is suggested for the first time in the brief on this appeal. We do not consider claims of error which are not specifically included in the assignments of error, which are not raised at the trial, and which are not ruled upon and decided by the court adversely to the defendant. *Jeschor* v. *Guilford,* 143 Conn. 152, 156, 120 A.2d 419; see Practice Book §§ 154, 409. Even if the question had been properly raised, it is apparent upon the record that the finding was proper. The court was entitled to determine the authenticity of the signatures on the note by comparison with other signatures which were shown to be genuine. *Tyler* v. *Todd,* 36 Conn. 218, 222; *Lyon* v. *Lyman,* 9 Conn. 55, 62. The lay opinion of the plaintiff was open to question only as to the weight to be accorded it, and not as to its admissibility. *Lyon* v. *Lyman,* supra, 59. The court was the judge of the weight to be given to the opinion. *Vangor* v. *Palmieri,* 143 Conn. 319, 321, 122 A.2d 312; *State* v. *Annunziato,* 145 Conn. 124, 135, 139 A.2d 612.

The changes which we make in the finding are reflected in the following statement of the pertinent facts. The plaintiff and the defendant had had a series of financial transactions prior to September 27, 1956, as a result of which the defendant owed the plaintiff $18,829.33, against which the defendant was entitled to credits totaling $10,500. Dealings had always been friendly, and neither party ever sought any evidence of the other's indebtedness or re-

quested any security therefor. On September 27, 1956, the plaintiff demanded of the defendant payment of the $18,829.33 and threatened to bring suit if it was not paid. To meet this demand the defendant offered the plaintiff a demand note for $20,000 with interest at 5 percent per annum. The plaintiff agreed to accept the note if Mabel and Conrad would sign as comakers. All three defendants signed the note, and the plaintiff did not bring the threatened suit. The note was negotiable. At no time did the defendants owe the plaintiff $20,000. On the date of the note, neither Conrad nor Mabel was indebted to the plaintiff, but both signed the note. The plaintiff subsequently demanded of both Mabel and Conrad that they pay the note.

The trial court concluded that Mabel and Conrad were liable on the note as accommodation makers and rendered judgment on the second count for the plaintiffs against all three defendants in the amount of $8329.33, with interest at 5 percent per annum from the date of execution.

The question remains as to the correctness of the court's conclusion that Mabel and Conrad are liable as accommodation makers. In deciding that question, we must resort to sections of the Negotiable Instruments Act (General Statutes, c. 695) which were applicable at the time of this transaction, although they have since been repealed by the Uniform Commercial Code, which became effective on October 1, 1961. Public Acts 1959, No. 133, §§ 10-101, 10-102. An accommodation maker is one who has signed the instrument as maker, without receiving value therefor, and for the purpose of lending his name to some other person. General Statutes § 39-30 (see § 42a-3-415). The defendants concede that if Mabel and Conrad signed the note, they did so as accom-

modation makers. They contend, however, that this was for the accommodation of the plaintiff rather than the defendant. This contention is without merit. *Knapp* v. *Tidewater Coal Co.*, 85 Conn. 147, 154, 81 A. 1063; *Swan Savings Bank* v. *Snyder*, 124 Kan. 827, 829, 262 P. 547; see *Blanchard* v. *Porter*, 317 Mass. 44, 45, 56 N.E.2d 872.

An accommodation maker is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party. General Statutes § 39-30 (see § 42a-3-415). This note was executed when the applicable statutes provided in substance that value is any consideration sufficient to support a simple contract, including an antecedent or preexisting debt whether the instrument is payable on demand or at a future time (§ 39-26); that every negotiable instrument is deemed to have been issued for a valuable consideration (§ 39-25); and that absence or failure of consideration is matter of defense as against any person not a holder in due course (§ 39-29). See *Markel* v. *DiFrancesco*, 93 Conn. 355, 359, 105 A. 703. The complaint did not allege that the plaintiffs were holders for value and, consequently, that issue was not raised by the general denial of the defendants. The special defense that Mabel and Conrad received no consideration for executing the note is ineffective, since the court properly found that their status was that of accommodation makers. § 39-30. It is not disputed that the debt which the defendant owed the plaintiff is correctly reflected in the amount of the judgment.

There is no error.

In this opinion the other judges concurred.