DONALD E. JARRETT *v.* LILLIAN E. JARRETT

KING, C. J., MURPHY, SHEA, ALCORN and COMLEY, Js.

Argued October 3—decided November 5, 1963

*Frank A. Piccolo,* for the appellant (defendant).

*Arnold M. Potash,* with whom, on the brief, were *Alexander Winnick* and *Edward B. Winnick,* for the appellee (plaintiff).

SHEA, J.   The plaintiff obtained a decree of divorce on the ground of intolerable cruelty.   The defendant has made what in effect is a wholesale attack on the finding of the trial court.   We have repeatedly pointed out that attacks of this nature rarely produce any beneficial results.   *Krupa* v. *Farmington River Power Co.,* 147 Conn. 153, 157, 157 A.2d 914.   Facts can be added to the finding only when they are admitted or undisputed.   A fact is not admitted or undisputed merely because it has not been contradicted.   The question of credibility is one for the trier.   *Shakro* v. *Haddad,* 149 Conn. 160, 162, 177 A.2d 221.   The defendant's brief and appendix have not been printed as required.   Practice Book, 1963, § 723.   The brief fails also to refer to pages of the appendix on which the pertinent evidence is quoted or narrated.   See Practice Book, 1963, § 713; *Brown* v. *Connecticut Light & Power Co.,* 145 Conn. 290, 293, 141 A.2d 634.   We do not examine the transcript of testimony to find the evi-

dence, if any, which supports a finding under attack or a finding sought by a party but refused by the trial court. *Vitale* v. *Gargiulo,* 144 Conn. 359, 362, 131 A.2d 830. Our consideration of this case is not to be construed as a relaxation of the rules. A perusal of all of the claims of the defendant in respect to the finding shows that none of them justifies or supports any change or correction in the finding.

The case was strongly contested. The principal claim of error is that the plaintiff failed to offer any corroborating evidence to support his claim that the conduct of the defendant constituted intolerable cruelty and that the plaintiff failed to offer any witnesses or documents to show the mental and physical effect of such cruelty on him. It is true that ordinarily divorces will not be granted on the uncorroborated evidence of the parties, but if a ground for divorce has been clearly established, a party is not precluded from a judgment dissolving the marriage by reason of the fact that his evidence lacked corroboration by other witnesses. *Kilpatrick* v. *Kilpatrick,* 144 Conn. 738, 131 A.2d 645; *Senderoff* v. *Senderoff,* 133 Conn. 300, 302, 50 A.2d 422; *Babcock* v. *Babcock,* 117 Conn. 310, 312, 167 A. 815. There was evidence which, if believed by the court, was sufficient to establish intolerable cruelty on the part of the defendant. The court found that the defendant was engaged in a course of conduct which, over a protracted period of time, materially affected the mental and physical health of the plaintiff, that the defendant was aware of the effect which her conduct had on the health and happiness of the plaintiff, and that she was indifferent to the consequences. The evidence presented a question of

credibility for the determination of the trier, and we cannot say that the court was not justified in rendering judgment as it did.

There is no error.

In this opinion the other judges concurred.