NICHOLAS MORRONE *v.* WILLIAM JOSE ET AL.

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued November 3—decided December 30, 1965

*Arthur Levy, Jr.,* for the appellants (defendants).

*Sidney Vogel,* for the appellee (plaintiff).

SHANNON, J. This action is based on a contract in which the defendants agreed to instal a heating system in an addition to a building owned by the plaintiff and further agreed: "Entire installation fully guaranteed to be free of defects in material's [sic] and workmanship and to maintain a room temperature of 72 degrees with outside temperature at zero."

The contract was in writing, made in duplicate and signed by both parties. Each retained a signed copy. The plaintiff's copy contained no handwriting except the signatures of the parties. The defendants' copy contained a handwritten addendum which recited: "Proper insulation to be installed throughout and all openings for overhead doors to be sealed by owner." Following the addendum there appeared the initials "N.M." and "W.J." written in ink. The court found that the addendum was not a part of the contract and was not initialed by the plaintiff.

The heating system installed by the defendants was inadequate to maintain a room temperature of seventy-two degrees in zero weather. In an endeavor to correct the condition, the defendants installed an overhead blower. The defendants claimed that the plaintiff had agreed to pay them $995 for the blower and its installation and filed a counterclaim for the cost thereof. The plaintiff denied this claim, and the court found that he did not so agree. The blower installation did not correct the defendants' failure to comply with the terms of the contract.

The court further found that it will reasonably cost the plaintiff $1350 to obtain an adequate heating system which will perform as guaranteed by the defendants. There is a balance of $250 due on the contract. The court awarded the plaintiff $1100 damages.

The defendants have made what in effect is a wholesale attack on the finding of the trial court. We have repeatedly pointed out that attacks of this nature rarely produce any beneficial results. *Jarrett* v. *Jarrett,* 151 Conn. 180, 181, 195 A.2d 430; *Adamsen* v. *Adamsen,* 151 Conn. 172, 173, 195 A.2d 418; *Krupa* v. *Farmington River Power Co.,* 147 Conn. 153, 157, 157 A.2d 914.

Since the court found, upon conflicting evidence, that the addendum was not a part of the contract, it will not be of advantage to the defendants to add to the finding about one-half of the twenty-two paragraphs of their draft finding which they seek to have added. No useful purpose would be served by adding them. *Sentivany* v. *Sentivany,* 145 Conn. 380, 381, 143 A.2d 458. The remaining paragraphs were not admitted or undisputed. Facts can be added to the finding only when they are admitted or undisputed. *National Broadcasting Co.* v. *Rose,* 153 Conn. 219, 223, 215 A.2d 123; *Saunders* v. *Saunders,* 140 Conn. 140, 143, 98 A.2d 815. A fact is not admitted or undisputed merely because it has not been contradicted. The question of credibility is for the trier. *Jarrett* v. *Jarrett,* supra; *Shakro* v. *Haddad,* 149 Conn. 160, 162, 177 A.2d 221.

The paragraphs of the finding sought to be eliminated are supported by the evidence printed in the defendants' appendix and must stand. *Benassi* v. *Harris,* 147 Conn. 451, 455, 162 A.2d 521.

The defendants also have assigned error in the admission of certain evidence over their objection. They claim that a witness for the plaintiff was permitted to testify as to the heating of the building and the temperature therein after changes in the heating system had been made by the plaintiff. The finding does not disclose what, if any, answer was made by the witness to the question asked, and, therefore, no error can be predicated on the ruling. *Pitt* v. *Kent,* 149 Conn. 351, 356, 179 A.2d 626; *Duncan* v. *Milford Savings Bank,* 134 Conn. 395, 403, 58 A.2d 260; *Jenkins* v. *Reichert,* 125 Conn. 258, 264, 5 A.2d 6.

There is no error.

In this opinion the other judges concurred.