SHIRLEY R. TAYLOR *v.* ROBERT W. TAYLOR

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued October 6—decided December 13, 1966

*Herbert D. Fischer,* with whom, on the brief, was *Charles H. Fischer, Jr.,* for the appellant (plaintiff).

*Gordon R. Raynor,* for the appellee (defendant).

RYAN, J. The plaintiff brought this action, seeking a divorce on the ground of intolerable cruelty. The defendant filed a counterclaim alleging intolerable cruelty on the part of the plaintiff. The court found the issues for the defendant on the complaint and on the counterclaim and granted him a decree of divorce. The plaintiff assigns error in the failure of the trial court to find the material facts set forth in numerous paragraphs of the draft finding which she claims were admitted or undisputed. A fact is not admitted or undisputed merely because it has not been contradicted. The question of credibility is for the trier. *Jarrett* v. *Jarrett,* 151 Conn 180, 181, 195 A.2d 430; *Shakro* v. *Haddad,* 149 Conn. 160, 162, 177 A.2d 221; *Brown* v. *Connecticut Light & Power Co.,* 145 Conn. 290, 293, 141 A.2d 634. The plaintiff also claims that numerous paragraphs of the finding were found without evidence. The finding is quite lengthy and detailed. The few corrections to which the plaintiff is entitled are of minor importance and would not change the result in any way. *Sipp* v. *Sipp,* 151 Conn. 705, 197 A.2d 73.

It is not necessary to recite the extensive finding. The following is a summary of the facts found: The plaintiff constantly nagged the defendant. She had a very bad temper and would become angry with him easily and often. For example, she became

angry at the defendant simply because he attempted to teach their child the alphabet while the child was in kindergarten. Over a period of five or six years the plaintiff made wrongful accusations against the defendant. During the last three years that the parties lived together, the plaintiff refused to do housework, and the defendant was obliged to do it himself. She would not even make him a sandwich to take to work each day. From the winter of 1956 until the fall of 1957 she refused to have sexual relations with him. She permitted it once in September, 1957, and from that time until she left the defendant in March, 1963, a period of five and one-half years, she persistently refused to have relations with him although they slept in the same bed. After the plaintiff left the defendant, he became ill and consulted a physician because of high blood pressure. He had to take medication, including tranquilizers. He tried, on numerous occasions, to talk to the plaintiff about a reconciliation, but she refused. Although the defendant wanted a reconciliation, he was not willing to agree to one unless the plaintiff changed her conduct toward him. Her treatment of the defendant during the marriage affected his mental and physical health. Throughout the marriage, the defendant was always pleasant and affectionate to the plaintiff and considerate of her.

On these facts, the court concluded that the conduct of the plaintiff constituted intolerable cruelty and rendered the continuance of the marital relation unbearable to the defendant. The court also concluded that the conduct of the defendant did not constitute intolerable cruelty to the plaintiff.

The plaintiff urges that, because the defendant's illness first became apparent after the separation,

the court was not justified in finding that her conduct constituted intolerable cruelty. The fact that the deterioration in the condition of the defendant was not discovered until after his wife left him did not preclude the court from finding as it did. *Medvedow* v. *Medvedow,* 140 Conn. 698, 700, 103 A.2d 337. The court's conclusions are amply supported by the finding of facts and are not illogical, arbitrary or contrary to law. The conclusion that the conduct of the plaintiff was intolerable cruelty within the fair definition of the statute does no violence to the definition of intolerable cruelty which we have adopted. *Gowdy* v. *Gowdy,* 120 Conn. 508, 510, 181 A. 462.

There is no error.

In this opinion the other judges concurred.