JAMES A. BARITOT *v.* JOHN S. VIGGIANO ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 1-665-11758

Argued November 27, 1967—decided January 26, 1968

---

*Walter M. Andrew, Jr.,* of Westport, for the appellant (plaintiff).

*John M. Brannelly,* of Bridgeport, for the appellees (defendants).

KOSICKI, J.  The plaintiff brought suit against the named defendant and Copa Farms, Inc., owner of an automobile operated by the named defendant, hereinafter referred to as the defendant, for damage to the plaintiff's automobile resulting from a collision with the car of the defendants.  The complaint alleged both common-law and statutory negligence.  The allegations were denied.  By way of special defense, the defendant alleged that the collision and resulting damage were caused by the negligence of the plaintiff in failing to drive in a proper lane, in not keeping a proper lookout, in not having his vehicle under proper control, and in not exercising the care of a reasonably prudent person under the circumstances.  These special defenses were denied by the plaintiff.  After a trial to the court, judgment was rendered for the defendants, and the plaintiff appealed.

The court found the following facts, which are not subject to any correction which might benefit the plaintiff.  On May 19, 1965, at 5:20 p.m., in Westport, Connecticut, the plaintiff was operating a 1956 Porsche automobile, owned by him, in a westerly direction on Hillspoint Road.  At that place and time, the defendant was operating a 1961 Cadillac Coupe DeVille in an easterly direction on the same highway.  The speed of the plaintiff's car was twenty-five miles per hour, and that of the defendant's was twenty miles per hour.  Hillspoint Road had a posted speed limit of twenty-five miles per hour.  The road is thirty-five feet in width.  At the place of impact, the center of an acute curve,

the road narrows to a width just sufficient for the passage of two automobiles. Neither the plaintiff nor the defendant reduced the speed of his vehicle as he entered the curve. The defendant's vehicle entered the curve first. At that time, both vehicles were over the center of the highway. There was no painted line dividing the highway to designate lanes of travel. The left front fender of the defendant's car came in contact with the left rear fender of the plaintiff's car. The damage to the plaintiff's car consisted of a six-inch-long dent on the left rear fender. The car was repaired in October, 1965, in Vermont. Five minutes after the accident, a policeman appeared and measured the skid marks made on the highway by the defendant's car and issued a uniform traffic summons to the defendant charging a violation of § 14-230 of the General Statutes.[1] On June 8, 1965, the defendant entered a guilty plea to that charge in the first circuit at Westport.

The court concluded on the foregoing facts that both vehicles entered the curve in the road at a speed greater than was reasonable under the existing circumstances; that both drivers failed to keep a proper lookout and failed to have their vehicles under control; that the plaintiff's negligence was a contributing cause of the accident; and that the de-

---

[1] "Sec. 14-230. DRIVING IN RIGHT-HAND LANE. Upon all highways, each vehicle shall be driven upon the right, except (1) when overtaking and passing another vehicle proceeding in the same direction, (2) when overtaking and passing pedestrians, parked vehicles, animals or obstructions on the right side of the highway, (3) when the right side of a highway is closed to traffic while under construction or repair, (4) on a highway divided into three or more marked lanes for traffic, or (5) on a highway designated and signposted for one-way traffic. Any vehicle proceeding at less than the normal speed of traffic shall be driven in the right-hand lane available for traffic, or as close as practicable to the right-hand curb or edge of the highway, except when overtaking and passing another vehicle proceeding in the same direction or when preparing for a left turn at an intersection or into a private road or driveway."

fendants had sustained their burden of proving their special defense. Judgment was accordingly rendered for them.

In his motion to correct the finding, the plaintiff sought to strike certain facts found by the court and to have others added. On the trial, the only evidence presented was through the testimony of the plaintiff and the defendant. There was some conflict in the testimony pertaining to the events immediately preceding the collision, the actual locus of the impact, and the damage caused thereby to the plaintiff's vehicle. The police officer who investigated the accident was not called on to testify. The denial of the motion to correct was not erroneous. "Facts can be added to the finding only when they are admitted or undisputed. *National Broadcasting Co.* v. *Rose,* 153 Conn. 219, 223 . . . ; *Saunders* v. *Saunders,* 140 Conn. 140, 143 . . . . A fact is not admitted or undisputed merely because it has not been contradicted. The question of credibility is for the trier. *Jarrett* v. *Jarrett,* . . . [151 Conn. 180, 181], *Shakro* v. *Haddad,* 149 Conn. 160, 162 . . . ." *Morrone* v. *Jose,* 153 Conn. 275, 277.

What we have just decided with respect to the motion to correct makes it unnecessary to discuss further the first three assignments of error, directed to the court's ruling in denying this motion. The remaining three assignments attack the conclusions of the court, recited above, concerning negligence of the parties. There was ample evidence from which the court could conclude that the negligence of the plaintiff contributed to the collision and was a substantial proximate cause of the injury to his vehicle. See *Gennallo* v. *Mazzacane,* 144 Conn. 686, 689. The fact that the defendant pleaded guilty to the charge of failure to drive in his right-hand lane, in violation of § 14-230, is not in itself conclusive

of his liability in a subsequent civil action. It is an admission which can be received in a civil proceeding against him as evidence of his negligence, but he is not precluded from explaining the guilty plea. *Flynn* v. *Raccuia*, 146 Conn. 210, 213. Here, we are not concerned with the effect of the guilty plea, for the defendant did not assert any freedom from negligence on his part or seek by counterclaim to recover for damage to his car on the ground that it was caused solely by the plaintiff's negligence. The court concluded on the facts that both parties were negligent, and this conclusion we cannot disturb.

There is no error.

In this opinion JACOBS and KINMONTH, Js., concurred.