THE DRAZEN LUMBER COMPANY *v.* CLIFFORD W. CASNER ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued April 2—decided April 30, 1968

*John J. Resnik,* with whom, on the brief, was *Nathan A. Resnik,* for the appellant (plaintiff).

*John W. Colleran,* for the appellees (defendants).

HOUSE, J. This action was brought in April of 1957 by a common counts writ alleging that the defendants were indebted to the plaintiff in the sum of $5760.30. No further pleading was filed until November, 1964, when the defendants moved that the plaintiff be nonsuited for failure to file a substituted complaint or bill of particulars. Thereupon, the plaintiff filed a substituted complaint, alleging that

on or before December 1, 1957, the defendants were indebted in the sum of $2302.39 for building materials which they had purchased from the plaintiff. The defendants answered by way of a general denial. Meanwhile, during the seven years in which the action lay dormant, the plaintiff's original counsel died and the plaintiff's delivery and charge slips and its ledger cards were lost and not available at the time of trial. The case was tried to the court, which found the issues for the defendants, noting that "[u]pon the basis of all the credible evidence, the court finds that the plaintiff failed to sustain its burden of proof."

The plaintiff has assigned as error the refusal of the court to find facts set out in twenty-one paragraphs of its draft finding. Contrary to the plaintiff's claim, most of these claimed facts were not admitted or undisputed. "A fact is not admitted or undisputed merely because it has not been contradicted. The question of credibility is for the trier." *Taylor* v. *Taylor,* 154 Conn. 340, 341, 225 A.2d 196; *Jarrett* v. *Jarrett,* 151 Conn. 180, 181, 195 A.2d 430. Furthermore, "[t]o secure an addition on this ground, it is necessary for an appellant to point to some part of the appendix, the pleadings, or an exhibit properly before us, which discloses that the appellee admitted that the fact in question was true or that its truth was conceded to be undisputed. Maltbie, Conn. App. Proc., § 158. . . . A further requirement for such an addition to the finding is that the particular portion of the appendix, pleadings or exhibit, as the case may be, relied upon as requiring the addition, be pointed out in the appellant's brief. Maltbie, op. cit., § 328." *Brown* v. *Connecticut Light & Power Co.,* 145 Conn. 290, 293, 141 A.2d 634; *Brockett* v. *Jensen,* 154 Conn.

328, 330, 225 A.2d 190. The plaintiff failed to establish any failure on the part of the trial court to include in its finding any paragraphs which were admitted or undisputed. An examination of the appendices also indicates that the challenged material facts found by the court were fully supported by the evidence. We find no error in the court's finding of fact.

The evidence printed in the appendices to the briefs clearly indicates the problem of proof with which the plaintiff was confronted in attempting to prove a stale claim in the absence of its delivery and charge slips and its ledger cards. It was forced to rely upon the recollection of its president, and it does not appear that any evidence whatsoever was offered as to what specific materials were in fact sold to the defendants or when. Its problem was further complicated by the circumstance that at about the same time the plaintiff also sold the defendants building materials in connection with a building operation other than, and in addition to, the project involved in this action. Any amounts due on that job were subsequently settled by a voluntary agreement and release. It also appears that, although the plaintiff's president testified that $2302.39 was the total due from the defendants when suit was instituted in April, 1957, and that no other payments were made after February, 1957, nevertheless he thereafter admitted that a payment of $3061.91 was made on June 26, 1957. We find no error in the conclusion of the trial court that the plaintiff failed to sustain its burden of proof.

The plaintiff has assigned error in one ruling on evidence and in the refusal of the trial court to present in its finding the full circumstances of that ruling. The finding does not fully set out the cir-

cumstances of the ruling and, particularly, does not include the claim made by the plaintiff that an exhibit which it offered was admissible as a business entry under General Statutes § 52-180. See Practice Book § 648. The finding is therefore corrected to set out the testimony of the witness Charles E. Drazen relative to the offered exhibit and the claims for its admissibility advanced by the plaintiff, as included in the draft finding. This correction, however, does not materially aid the plaintiff.

As corrected, the record discloses that Drazen, the plaintiff's president, testified that he was familiar with the plaintiff's method of keeping business records, that the plaintiff regularly maintained a journal showing cash receipts or allowances put through on each day's business and that occasionally a balance was entered, although the journal did not show charges or credits. He testified that the plaintiff's journal showed an entry of a receipt from the defendants on February 13, 1957, together with the indication of a balance due on that date. Although the plaintiff claimed that the entry was admissible as a regular business entry, the court sustained the objection of the defendants on the ground of relevancy since the journal did not contain a record of charges and credits as well as receipts. It appears that the journal entry was then marked as an exhibit for identification. It has not, however, been presented to this court as provided by § 672 of the Practice Book and is not available for our examination. No reason for this default has been offered.

The purpose of marking, as an exhibit for identification, a document which has been excluded as a full exhibit is to preserve it as a part of the record on appeal so that this court can examine it to deter-

mine whether the trial court made a proper ruling in excluding it as a full exhibit. *Duncan* v. *McTiernan,* 151 Conn. 469, 470, 199 A.2d 332. It should not be retained by the party offering it but should remain in the custody of the clerk of the court subject to §§ 320, 321 and 672 of the Practice Book.

In the circumstances of the present appeal, we are presented with a situation somewhat similar to that in *State* v. *Grimes,* 154 Conn. 314, 320, 228 A.2d 141. The finding as corrected discloses the fundamental purpose of the proffer of the journal entry sufficiently to enable us, aided by the evidence printed in the appendices to the briefs, to review the ruling and its effect. Drazen testified by reference to the excluded exhibit that it indicated a balance due from the defendants on February 13, 1957. The finding of the court is that he testified that $2302.39 was the total due from the defendants prior to April, 1957, and that no other payments were made after February, 1957. It thus appears that Drazen was permitted to testify directly as to the same information which the exhibit purported to disclose as of February, 1957, and that, contrary to his earlier testimony, the plaintiff did subsequently receive on June 26, 1957, a payment of $3061.91 from the defendants. Accordingly, if in fact the trial court was in error in excluding the now missing exhibit, the witness through whom it was offered in evidence was permitted to testify fully as to the same information which the offered exhibit contained, and the ruling even if erroneous was harmless.

There is no error.

In this opinion the other judges concurred.