WOODROW W. GORBACH *v.* BARRY H. TRUPIN ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CV 2-667-45963

Argued April 15—decided August 2, 1968

*Edward R. Karazin, Jr.,* of Westport, for the appellants (defendants).

*Allan J. Rosen,* of Bridgeport, for the appellee (plaintiff).

WISE, J. The plaintiff instituted this action against the defendants to recover an agreed-upon commission for procuring a mortgage loan on the defendants' real estate. The plaintiff claims that he was engaged by the defendants to obtain such a mortgage loan, that he did obtain a mortgage loan upon terms and conditions agreeable to the defendants, and that thereafter the defendants refused to consummate the mortgage loan transaction. The defendants by their answer denied these claims. Judgment was rendered in favor of the plaintiff. The defendants have appealed.

The defendants have made a wholesale attack on the finding of the trial court. Such attacks rarely produce any beneficial results. *Morrone* v. *Jose,* 153 Conn. 275, 276; *Jarrett* v. *Jarrett,* 151 Conn. 180, 181. An attempt completely to change a finding made, as here, on conflicting evidence is futile. *Baker* v. *Kerrigan,* 149 Conn. 596, 598; *Krupa* v. *Farmington River Power Co.,* 147 Conn. 153, 157. The defendants assigned a great number of errors in the court's finding of facts and in its refusal to find other facts, but most of these assignments have been abandoned in their brief on the appeal, and at the time of argument. We, therefore, need not consider them. *Marquis* v. *Drost,* 155 Conn. 327, 330. There is a conflict in the evidence as to the portions of the court's finding of facts to which the assignments of error are pressed, but there is evidence which fully supports the court's finding. As to the facts claimed by the defendants but not found by the court, we find them to be neither admitted nor undisputed and therefore not to be added to the finding. It is elementary that we cannot retry the facts or pass on the credibility of witnesses. The question

of credibility is for the trier. Id., 331; *Taylor* v. *Taylor,* 154 Conn. 340, 341; *Solari* v. *Seperak,* 154 Conn. 179, 183; *Morrone* v. *Jose,* supra, 277; *Jarrett* v. *Jarrett,* supra.

The court found the following: On January 1, 1966, and for some time prior thereto, the defendants, husband and wife, were the owners of certain real estate located in Westport. On said date and for some time prior thereto the plaintiff was a duly licensed real estate broker, also engaged in obtaining mortgage loans, and he advertised extensively that he placed mortgage loans. As a result of such advertising, the defendant Barry Trupin in January, 1966, contacted the plaintiff relative to obtaining a loan to be secured by a second mortgage on the real estate owned by the defendants. Trupin needed $20,000, and he agreed to pay the plaintiff a commission of 6 percent for obtaining the loan. Thereafter, the plaintiff found a person who agreed to make a net loan of $20,000, on the terms and conditions which were agreed upon by the parties, resulting in a mortgage for $24,500. The additional $4500 was to cover a premium for the loan, legal fees, and the plaintiff's commission. Although the loan was obtained, Trupin called it off, but thereafter, on or about July 10, 1966, he again contacted the plaintiff, inquiring whether the loan was still available, and was advised by the plaintiff that it was, on the same terms and conditions as previously agreed upon. Trupin again agreed to all the terms and conditions, and it was arranged for all the parties, including both defendants, to meet at the law office of the attorney for the lender to execute the necessary papers. At all times during this entire transaction, Trupin was acting with the knowledge, consent and authority of his wife, the defendant Judith Trupin. The defendants failed to appear, and the loan was not consummated. The plaintiff was the

agent of both defendants. The court concluded that the plaintiff was the agent of the defendants throughout the entire transaction; that the plaintiff fully performed all of the terms of his agreement with the defendants to obtain a mortgage loan; that the defendants failed to go through with the loan; and that the plaintiff was entitled to a commission of 6 percent on the net loan of $20,000. Judgment for the plaintiff was rendered against both defendants for $1200.

The defendants, in their appeal, raise the issues (1) whether the plaintiff was the agent of both defendants; (2) exactly what were the terms of his agency, and (3) whether he was the procuring cause of the loan. The short answer to these claims is that the court found on the evidence that the plaintiff was the agent of both defendants, the terms of his agency, and that he was the procuring cause of the loan. True, marital status does not give rise to an agency; *Cyclone Fence Co.* v. *McAviney,* 121 Conn. 656, 659; and agency has to be proved by a preponderance of the evidence. *Iodice* v. *Rusnak,* 143 Conn. 244, 247. It must be noted that the trial court, in its finding, found ". . . and at all times . . . the defendant, Barry H. Trupin, was acting with the knowledge, consent and authority of his wife, the defendant, Judith G. Trupin." The court found and concluded that the plaintiff acted as and was the agent of the defendants throughout the entire transaction and found that "the plaintiff has fully performed all of the terms of his agreement with the defendants with reference to procuring a person ready, willing and able to make the required loan upon the terms and conditions agreed to by the defendants, and, therefore the plaintiff is entitled to his commission." The rights and duties of a broker employed to secure a loan depend upon the same principles as those which govern the broker

who undertakes to find a purchaser of the property. He is entitled to his commission when he has procured a lender who is ready, willing and able to lend the money upon the authorized terms. His right to a commission does not depend upon the contingency of the applicant's acceptance of the loan but upon the performance of his part of the agreement. *Clark v. Henry G. Thompson & Son Co.,* 75 Conn. 161.

"The conclusions which the court has reached are to be tested by the facts as found and must stand unless they are legally or logically inconsistent with those facts or unless they involve the application of some erroneous rule of law material to the case." *Yale University* v. *Benneson,* 147 Conn. 254, 255; *Kielb* v. *Weinberg Realty Corporation,* 147 Conn. 677, 680. The conclusions are legally and logically supported by the subordinate facts found.

There is no error.

In this opinion KOSICKI and JACOBS, Js., concurred.