WILLIAM P. LAGE *v.* H. B. BIRNBAUM

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 9-6611-3718

Argued September 16—decided November 1, 1968

*Joseph J. McGuinness,* of Guilford, for the appellant (defendant).

*Irwin D. Mittelman,* of Middletown, for the appellee (plaintiff).

KINMONTH, J. The plaintiff recovered a judgment on his complaint and also on the defendant's counterclaim. The defendant has appealed, assigning error in the court's finding and conclusions and in its rulings on the admission and rejection of evidence. Although the defendant made a wholesale attack on the finding, he has wisely abandoned most of his assignments of error in his brief and argument, and we therefore need not consider them. *Marquis* v. *Drost,* 155 Conn. 327, 330. We need only consider the assignments that the conclusions are not supported by the subordinate facts and that the

court erred in ruling on evidence. The latter assignment we might well ignore as it does not comply with our rules as set forth in § 989 of the Practice Book.

The following facts were found. The plaintiff is an attorney at law with offices in the town of Madison, and the defendant is a medical doctor with offices in that town. The plaintiff sought compensation from the defendant for various legal services performed by the plaintiff on the behalf of and at the request of the defendant. The defendant denied to a large part that legal services had been furnished to him and asserted that, for whatever legal services had been furnished, compensation was made or would be made with medical services furnished to the plaintiff and his family by the defendant. The plaintiff furnished legal services to the defendant in the years 1964, 1965, and 1966 and has not been paid, though written demand was made. The defendant did furnish some medical services to the plaintiff and his family for which he was compensated by medical insurance programs that the plaintiff belonged to and the plaintiff was never billed for medical services except in the counterclaim by the defendant in this action.

The court concluded that the plaintiff performed all the legal services claimed and that his bill for legal services was reasonable; that the defendant did not furnish all the medical service which he claimed; and that any service rendered has been paid for.

Our review of the conclusions is restricted to whether they are supported by the subordinate facts and whether they are vitiated by an erroneous application of law or whether they are unreasonably drawn from the facts found. Maltbie, Conn. App. Proc. § 165. The court's conclusions are to be tested

by the finding and not by the evidence. *Brockett* v. *Jensen,* 154 Conn. 328, 331; *Klahr* v. *Kostopoulos,* 138 Conn. 653, 655. The conclusions of the court were reasonable and logical inferences to be drawn from the facts found. We cannot retry the facts or pass upon the credibility of witnesses. The question of credibility is for the trier. *Taylor* v. *Taylor,* 154 Conn. 340, 341; *Solari* v. *Seperak,* 154 Conn. 179, 183; *Morrone* v. *Jose,* 153 Conn. 275, 277.

As stated above, the defendant's assignment of error in regard to the court's ruling on evidence is not in compliance with our rules and need not be considered. We feel, however, constrained to say that had the assignment complied with our rules it would have availed the defendant nothing. The contention of the defendant was that on cross-examination the plaintiff referred to his diary. No objection was made at the time; later on, the defendant asked to look at the diary, and the court refused. The defendant claims that he was entitled to examine the diary used by the witness while testifying to refresh his recollection. It is to be observed that it does not appear from the record that the witness looked at his diary before giving the answer to the question or whether the answer was given as to the best of his knowledge. Furthermore, if the witness did look at his diary, there was no objection and no question raised as to whether he looked to refresh his memory. The defendant's request was made too late to invoke the rule he now claims. *State* v. *Rathbun,* 74 Conn. 524, 526; see *Neff* v. *Neff,* 96 Conn. 273, 278; *State* v. *Masse,* 24 Conn. Sup. 45, 56, 1 Conn. Cir. Ct. 381, 392.

There is no error.

In this opinion DEARINGTON and MACDONALD, Js., concurred.