STATE OF CONNECTICUT *v.* PAUL E. MACGREGOR

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CR 8-8862

Argued July 29—decided November 29, 1968

*MacGregor Kilpatrick,* of Branford, for the appellant (defendant).

*John J. Esposito,* assistant prosecuting attorney, for the appellee (state).

MACDONALD, J. In a trial to the court, the defendant was convicted of the crime of breach of the peace; General Statutes § 53-174; and from a judgment of guilty he has appealed, assigning as sole error that the court erred in concluding on all the evidence that the defendant was guilty of the crime charged beyond a reasonable doubt. Practice Book § 995. Upon this assignment of error, we determine from the entire evidence whether the court erred in holding that guilt was established by the requisite degree of proof. *State* v. *Pundy,* 147 Conn. 7, 8; *State* v. *Salvaggio,* 152 Conn. 716, 717.

There was competent evidence adduced to establish the following salient facts: The defendant has owned and operated an automobile body or repair shop in Guilford for some years, known as B. B. Mac's Garage or Auto Body Shop. The complaining witness, Michael Piccirillo, a salesman of automobile parts for a concern known as M. and O. Chrysler, visited the defendant's place of business on or about April 11, 1968, to collect an unpaid bill in the approximate amount of $191. The complaining witness had done business with the defendant over a considerable period of time. Upon entering the defendant's place of business, he drove into the yard in front of the shop. The doors of the repair shop were wide open. The defendant was then in the front yard discussing an estimate on a station wagon with a lady customer. Ralph DiLauro, a passenger in the car of the complaining witness, accompanied him and was present at all times herein mentioned. Three employees of the defendant were on the premises and were also present at all times herein mentioned. The complaining witness went into the shop, where the three employees were work-

ing on repairs to automobiles therein, and waited for the defendant to complete his business with the female customer. Thereafter, the defendant proceeded into the shop. The complaining witness asked about the unpaid bill. In reply, the defendant said, "If you don't get out of here I'll hit you over the head." At this time the defendant had in his hand a chain which "looked like a tow truck chain," was about two feet away from complaining witness, and raised the chain. He then dropped the chain to the floor but did not strike the complaining witness. There followed a loud verbal altercation between the two men concerning the unpaid bill and a credit of some $25 which the defendant claimed for allegedly defective parts, after which the defendant went over to a telephone, about fifteen feet away, and near it he picked up a hammer or wrench and repeated to the complaining witness, "Get out of here before I hit you over the head." Then, threatening to call the police and have the complaining witness thrown out, the defendant dialed a telephone number which was not that of the Guilford police. The complaining witness remained on the premises for about twenty minutes awaiting the police arrival and then departed with his companion DiLauro. He proceeded to the Guilford police station where he filed a complaint. Throughout the incident, the complaining witness did not physically touch the defendant, nor did the defendant physically touch the complaining witness.

In the course of the trial there was a sharp conflict of testimony. The state chose to rely on the evidence adduced through the complaining witness. The defendant not only testified in his own behalf but additionally offered the testimony of his three employees in corroboration of his own version of the incident. The trial court obviously believed the complaining witness and discredited the defense wit-

nesses. Nothing is more fundamental than the proposition that the trial court is the final arbiter of the credibility of witnesses. *Drazen Lumber Co.* v. *Casner,* 156 Conn. 401, 403; *Taylor* v. *Taylor,* 154 Conn. 340, 341; *Jarrett* v. *Jarrett,* 151 Conn. 180, 181; *State* v. *White,* 155 Conn. 122, 123. We do not retry the facts or pass upon the credibility of witnesses. *Romaniello* v. *Dyna Distributors, Inc.,* 154 Conn. 605, 606; *Triano* v. *Brodowy,* 151 Conn. 445, 446. "The issue is not to be determined 'solely by counting the witnesses on one side or the other'. . . . Numerical superiority is not the criterion or key to such a determination. . . ." *State* v. *Hodge,* 153 Conn. 564, 573. "It is not uncommon for an accused to be found guilty upon identification by only the complaining witness, and 'it is not the law that corroboration is essential to the proof of guilt.' " Ibid.

The record shows that the state chose not to produce and offer the testimony of Ralph DiLauro, who accompanied the complaining witness and was present throughout the incident. The defendant contends that (a) the trial court was justified in drawing the inference that such testimony would have been unfavorable to the state, and (b) such an inference raised a question of reasonable doubt which should have been resolved in the defendant's favor. It is so that the failure to produce a witness who is within reach and who would naturally have been produced permits, but does not require, an inference that the evidence of the witness would have been unfavorable. The failure to offer such evidence is, however, not proof of any specific fact; it simply permits the inference, which must be weighed with the entire evidence. *Cayer* v. *Salvatore,* 150 Conn. 361, 365, and authorities cited. It has been said time after time that it is within the province of the trier, whether court or jury, to draw reasonable

and logical inferences from the facts proven, and this rule is applicable to criminal cases as well as to civil cases. *State* v. *Foord,* 142 Conn. 285, 294, and authorities cited; *State* v. *Pundy,* 147 Conn. 7, 12. Assuming that the trial court could draw such an inference, we are not prepared to say upon review of the entire evidence that the scales of justice were thereby tipped in favor of the defendant. While it is the established law that any conclusion, reasonably to be drawn from the evidence as a whole, which is consistent with the innocence of the defendant must prevail in his favor, the rule does not apply to inferences. *State* v. *Foord,* supra; *State* v. *Murphy,* 124 Conn. 554, 562. Further, the record is barren of any evidence showing that the defendant did not have the power to produce the particular witness, had he so desired, and have him testify, nor does it indicate that the defendant requested an adjournment of the trial for the purpose of bringing this witness to court. General Statutes § 54-2a; Practice Book § 468.

The defendant lastly contends that the elements of the crime charged were not proved. The essence of this argument is reduced to (a) the complaining witness did not take seriously the threats, "If you don't get out of here I'll hit you over the head," accompanied by the indicated overt acts, because he remained on the premises in question for some twenty minutes, and (b) he was not put in a state of apprehension or serious disquietude. No witness testified to any serious disquietude or apprehension of harm, and, as the argument goes, no one was so disturbed as to take any immediate action. The applicable portion of the statute reads: "Any person who disturbs or breaks the peace by tumultuous and offensive . . . behavior, or by threatening, . . . quarreling with . . . [or] assaulting . . . another . . . ." General Statutes § 53-174. The stat-

ute embraces a great variety of conduct which may disturb order and tranquility. It does not define the crime of breach of the peace but merely specifies certain ways of committing it. *State* v. *Cantwell,* 126 Conn. 1, 5, rev'd on other grounds, 310 U.S. 296. It suffices if the alleged offensive act is of such character that it naturally tends to cause serious disquietude on the part of those in the vicinity. *State* v. *Van Allen,* 140 Conn. 586, 589. Each individual is entitled to be secure in his person, to be free from unjustified violation by others, and to be guarded by the law against any unwarranted intrusion upon his tranquility. Upon this foundation rests the existence of an orderly and civilized society. *State* v. *Boyer,* 2 Conn. Cir. Ct. 288, 294.

The acts of the defendant constituted a breach of the peace within the fair intendment of the statute. *State* v. *Cantwell,* supra; *State* v. *Van Allen,* supra; *State* v. *Boyer,* supra, 291–94; *State* v. *Marzbanian,* 2 Conn. Cir. Ct. 312, 313 n.1; 1 Wharton, Criminal Law and Procedure § 329; 2 Swift, Digest, p. 365 (Rev. 1862); 6 Am. Jur. 2d, Assault and Battery, §§ 3, 4.

Upon all of the evidence, the court was warranted in concluding that the defendant was guilty of the offense charged beyond a reasonable doubt.

There is no error.

In this opinion KOSICKI and JACOBS, Js., concurred.