STATE OF CONNECTICUT *v.* CHARLES O. DUKES

KING, C. J., ALCORN, HOUSE, COTTER and RYAN, Js.

Argued January 9—decided January 28, 1969

*Alfonse C. Fasano,* for the appellant (defendant).

*John D. LaBelle,* state's attorney, with whom, on the brief, was *George D. Stoughton,* assistant state's attorney, for the appellee (state).

HOUSE, J. On pleas of guilty the defendant was sentenced to the state prison on charges of larceny and receiving stolen goods and of violation of the Uniform State Narcotic Drug Act. New counsel thereafter appeared for him and represents him on this appeal.

Despite our repeated strictures against the practice, the defendant has made a wholesale attack upon the finding of the court. *Morrone* v. *Jose,* 153 Conn. 275, 276, 216 A.2d 196; *Franchey* v. *Hannes,* 152 Conn. 372, 374, 207 A.2d 268; *Jarrett* v. *Jarrett,* 151 Conn. 180, 181, 195 A.2d 430. He has attacked twenty-eight of the fifty-five paragraphs of the court's finding of facts and eleven of the fifteen

paragraphs of its conclusions and has assigned error in the refusal of the court to find thirty-six paragraphs of his draft finding, all asserted to be admitted or undisputed. Such an attack is wholly unwarranted and completely devoid of support in the record. The defendant's brief contains no appendix with evidence supporting his assertions. See Practice Book §§ 715–17. To secure an addition to a finding on the claim that the omitted facts were admitted or undisputed "it is necessary for an appellant to point to some part of the appendix, the pleadings, or an exhibit properly before us, which discloses that the appellee admitted that the fact in question was true or that its truth was conceded to be undisputed. Maltbie, Conn. App. Proc., § 158. . . . A further requirement for such an addition to the finding is that the particular portion of the appendix, pleadings or exhibit, as the case may be, relied upon as requiring the addition, be pointed out in the appellant's brief. Maltbie, op. cit., § 328." *Brown* v. *Connecticut Light & Power Co.,* 145 Conn. 290, 293, 141 A.2d 634; Practice Book § 717; *Drazen Lumber Co.* v. *Casner,* 156 Conn. 401, 403, 242 A.2d 754; *Marshall* v. *Newington,* 156 Conn. 107, 111, 239 A.2d 478; *Brockett* v. *Jensen,* 154 Conn. 328, 330, 225 A.2d 190; *State* v. *Grimes,* 154 Conn. 314, 325, 228 A.2d 141. On the other hand, the challenged paragraphs of the finding of facts either are directly supported by the contents of the appendix to the brief of the state or are based on inferences reasonably drawn therefrom. We use the term "contents" rather than "evidence" advisedly. The defendant submitted no evidence to the court in connection with any of the motions, which he claims were erroneously denied. Consequently, the court's finding was, of necessity, based on the record and repre-

sentations made to the court by counsel and the defendant—a circumstance in which the province of the trial court to determine credibility must be given its due weight. *Krattenstein* v. *G. Fox & Co.*, 155 Conn. 609, 611, 236 A.2d 466; *Marquis* v. *Drost*, 155 Conn. 327, 331, 231 A.2d 527; *Taylor* v. *Taylor*, 154 Conn. 340, 341, 225 A.2d 196; *Solari* v. *Seperak*, 154 Conn. 179, 183, 224 A.2d 529.

Before we leave the defendant's unsuccessful attack on the finding, it is pertinent to note one other unsupported assignment of error, which is that the court erred in finding that the defendant made no claims of law. In trials to the court, if counsel intends to raise any question of law which may be the subject of appeal to this court, he must first raise them in the trial court.[1] The trial court here has expressly found that the defendant did not make any claims of law, and the defendant has submitted nothing to support his present claim that he did. Nor has he made any effort to rectify the appeal pursuant to Practice Book § 675 if the court failed to comply with the provisions of § 619 and include any claims of law which the defendant did in fact make. See *Kyser* v. *Zoning Board of Appeals*, 155 Conn. 236, 248, 230 A.2d 595; *Rifkin* v. *Rifkin*, 155 Conn. 7, 8, 229 A.2d 358; *Thorne* v. *Zoning Board of Appeals*, 154 Conn. 718, 222 A.2d 809. "Claims of law, to receive consideration in this court,

---

[1] "[Practice Book § 223.] RAISING QUESTIONS OF LAW. In trials to the court, if counsel intends to raise any question of law which may be the subject of an appeal to the supreme court, he must state the same distinctly to the court before his argument is closed, and in such time as to give the opposing counsel an opportunity to discuss the question, and must request the court to take note of the point. If this be omitted, it will not be the duty of the court to decide the question. Counsel shall present the questions of law in writing, unless the exigencies of the case render this impracticable."

must have been raised in the court below. They may not for the first time be raised here. Since no claims of law were raised in the court below, the appeal presents no question proper for our consideration. Practice Book §§ 223, 652." *Bigionti* v. *Argraves,* 152 Conn. 700, 701, 204 A.2d 408; *State* v. *Taylor,* 153 Conn. 72, 86, 214 A.2d 362.

Ordinarily, this determination should conclude our discussion of this case. The defendant, however, stands convicted of serious crimes involving a substantial penalty and in this court has made a claim that in the proceedings in the trial court he was deprived of his constitutional rights under the fifth, sixth and fourteenth amendments to the constitution of the United States. To the extent that the record permits us to do so, we are constrained to examine the merits of this claim. See *State* v. *Wilkas,* 154 Conn. 407, 409, 225 A.2d 821.

After a hearing on probable cause, the defendant on April 17, 1967, was bound over to the Superior Court on the narcotics charge and on the charge of receiving stolen goods. The law firm of Zaccagnino, Linardos and Delaney entered an appearance for him. Defense counsel was notified on Monday, May 1, 1967, that the case was ready for trial and was advised to be ready. Attorney Peter J. Zaccagnino, Jr., was present in court awaiting trial on May 2, 3 and 4, and the case was reached for trial on May 9. The defendant and his counsel were present. After a brief recess, Attorney Zaccagnino informed the court that he thought he was going to petition the court to withdraw from the case owing to a slight conflict between the defendant and himself and because his client had told him that he wanted to represent himself. He also told the court that his client had told him that he might get additional

counsel. Thereafter, counsel argued motions to quash the information, for a bill of particulars and to suppress certain evidence. After these motions had been argued and decided, the defendant himself addressed the court and stated that he was afraid that there was going to be resentment if he had local counsel and that he would like the opportunity to hire an attorney from another state. He told the court that, if he did not have an opportunity to hire an attorney from another state, he would then like to try his own case. Counsel then requested and was granted a continuance of the trial until the next day, May 10, in order for the defendant to get other counsel or to represent himself. Thereupon, the defendant was put to plea, pleaded not guilty and elected a trial by a jury of twelve. Counsel also advised the defendant and the defendant acknowledged that he understood that he was to proceed to trial the next morning, and the defendant told the court that he understood that.

On the next day, May 10, the case was again continued for trial to begin on May 16. On May 16, the defendant appeared with Attorney Robert C. Delaney, a member of the firm of Zaccagnino, Linardos and Delaney, and requested permission of the court to change his plea to the information. The court was requested by the state's attorney to make inquiry of the defendant with respect to representation by counsel since there had been prior indication that counsel wished to withdraw from the case. The court *(Johnson, J.)* thereupon inquired of the defendant whether he was fully satisfied with the services of his counsel, and the defendant replied: "Yes, sir." The court then informed the defendant of the state's burden of proof of guilt and of his right to a trial and ascertained that the defendant

504

knew the probable consequences of a change of plea and that the change was being made of the defendant's own free will and not because of the inducement or influence of anyone. The court thereupon accepted the change of plea, the defendant pleaded guilty to both charges, and the court referred the case to the probation department for a presentence investigation and report and continued the case under the same bond for sentencing on June 2.

On June 2, the defendant with Attorney Zaccagnino appeared before the court *(Devlin, J.)* and requested a further continuance of the case until June 16, because the presentence report had not been completed and certain other charges for consolidation had not been received. The request was granted.

On June 16, the defendant accompanied by Attorney Zaccagnino again appeared before Judge Devlin for sentence. Prior to this date, the presentence report from the probation department had been delivered to the court and to counsel for the defendant. When presented for sentence, the defendant for the first time indicated to the court that he had consulted other counsel and that he had in fact contacted other counsel the night before his scheduled appearance. He did not tell his own counsel about consulting other counsel until the morning of June 16, and no other counsel had entered an appearance for him. The defendant then requested permission to withdraw his plea of guilty, which request was denied by the court. The defendant had not told his counsel that he wished to change his plea until he made the request in court. The defendant then requested a continuance until the following Tuesday, and this request was also denied by the court. As we have already noted, before these requests and

rulings were made, the presentence report of the probation department had been delivered to counsel for the defendant and to the court. No other counsel filed any appearance on behalf of the defendant until June 22, six days after sentence was imposed. The court had read the report, which disclosed that the defendant was experienced in criminal matters and in court appearances to answer to criminal charges, that he was involved in narcotic drug traffic in Hartford and that several other criminal charges were pending against the defendant in Hartford County, New Haven County and Fairfield County. The sentence imposed was imprisonment in the state prison for not less than five nor more than ten years on the narcotics count and for two years on the larceny-receiving count which was within the limits fixed by the statutes for the offenses charged.

Certain other paragraphs in the court's finding are significant before we consider the court's conclusions. No evidence was offered by the defendant in connection with any of his requests or motions and no exception was taken to the rulings of the court denying the requests for permission to withdraw the plea of guilty or for a continuance. Furthermore, the defendant did not make any motion in arrest of judgment before sentence was imposed or at any other time. Nor did he make any motion to open the judgment or to vacate the sentence. Bypassing these latter proper procedures, which were open to the defendant and would have afforded him a new opportunity to submit evidence, if any existed, the defendant has appealed directly from the judgment. On its face, there is no invalidity in the judgment, and there is no claim of any errors or defects apparent on the face of the record.

On the facts, the court concluded that the de-

fendant's plea of guilty on May 16 was the free and understanding expression of his own wishes and that he had ample time between May 16 (when he assured the court that he was satisfied with his privately retained counsel) and June 16 (after the presentence report had been received and he was being presented for sentence) to change counsel or indicate a desire again to change his plea. The court also concluded that he did not act in good faith in respect to seeking other counsel, that no credible evidence was introduced to support the granting of a change in plea, that the request to change the plea made at the time of sentencing was for the purpose of delaying sentencing, and that "[i]t would not be fair and just under all the circumstances to allow the defendant again to change his plea, having in mind the seriousness of the offenses, the conduct of the defendant and the protection of society." As to the latter conclusion, see *State v. Brown,* 157 Conn. 492, 496, 255 A.2d 612, and the authorities cited therein; see also *State v. Rankin,* 102 Conn. 46, 50, 127 A. 916.

The court's finding of facts amply supports the conclusions reached. Even overlooking the many and serious procedural deficiencies and the lack of any evidence to support the defendant's requests and representations to the trial court, we find no error in the rulings of the court or in the exercise of the discretion with which it is vested. Nor do we find any merit to the defendant's newly raised claims of deprivation of his constitutional rights.

There is no error.

In this opinion the other judges concurred.