### STATE OF CONNECTICUT v. MARION TUPKO

ALCORN, C. J., HOUSE, THIM, RYAN and SHAPIRO, Js.

Argued March 2—decided March 24, 1971

*William F. Tiernan, Jr.,* with whom was *David E. FitzGerald, Jr.,* for the appellant (defendant).

*Jerrold H. Barnett,* assistant state's attorney, with whom, on the brief, were *Arnold Markle,* state's attorney, *David B. Salzman* and *Robert K. Walsh,* assistant state's attorneys, for the appellee (state).

HOUSE, J.  The defendant pleaded nolo contendere to the perjury count of a two-count indictment charging her with perjury and subornation of perjury.  The court accepted the plea and thereupon, as provided by Practice Book § 476, made a finding of guilty.  After consideration of the presentence report sentence was imposed.  The defendant has taken this appeal and makes the primary assertion that the court committed error in refusing to grant her application for permission to withdraw her plea of nolo contendere.

The finding of facts is not subject to correction. It discloses that in November, 1968, the defendant pleaded not guilty to both counts of the information

and elected to be tried by a jury. There were several continuances and in January a Massachusetts attorney assisting the defendant's Connecticut counsel requested permission to withdraw from the case because the defendant did not desire to follow his advice. The permission was granted. The case was reached for trial in February, 1969, witnesses were in attendance for the trial for two days and a jury were impaneled. The defendant at that point withdrew her plea of not guilty to the first count and entered a plea of nolo contendere and the court's finding of guilty was made.

Before the plea of nolo contendere was entered the defendant stated three times that she was not guilty. Her counsel, whom the court found was an attorney known to the court to represent every client with care and conscientiousness, and is known to this court to be a competent and experienced attorney, informed the court that he had spent four hours advising his client on the matter of plea and that the trouble was that there were certain persons in the courtroom which "made it rather difficult." The courtroom was then cleared and the defendant made her change of plea without further protest, stating that she had discussed the plea with her lawyer and knew the full implications of the plea of nolo contendere. The case was continued for sentence on receipt of the presentence report which is required by General Statutes § 54-109. The report disclosed that the .defendant had failed to obey certain orders of the Circuit Court. The defendant's case was assigned for sentencing on March 7, 1969. Because of illness she was unable to appear and her case was continued until March 11. On March 11, the imposition of sentence was again continued until March 12. On that day the de-

fendant appeared and filed an application to withdraw her plea of nolo contendere. In support of the motion her counsel stated to the court that in her mind her constitutional rights had not been protected and through him she stated to the court that "she wanted a trial right along." The court then appointed a commission of two psychiatrists to examine the defendant in accordance with § 54-40 of the General Statutes. On March 26, 1969, the court ordered that a second conference be held between the psychiatrists, the defendant and her counsel. Thereafter, the court denied the defendant's request to withdraw the plea and imposed sentence.

The court concluded that the defendant knew what she was doing, was capable of advising counsel of her wishes, thoroughly capable of understanding what was being explained to her and in seeking to withdraw her plea of nolo contendere at the last minute was attempting to avoid or delay the pronouncement of sentence. It further concluded that it would not have been fair and just under all the circumstances to have allowed the defendant again to change her plea, having in mind the seriousness of the offense, the conduct of the defendant and the protection of society.

We have recently discussed the guidelines within which trial courts should exercise their discretion to permit the withdrawal of guilty pleas. See *State* v. *Dukes,* 157 Conn. 498, 255 A.2d 614; *State* v. *Brown,* 157 Conn. 492, 255 A.2d 612. In the *Brown* case the defendant made his application for withdrawal of his plea before the presentence report had been received and before the date for sentencing. He also asserted that his attorney had been overpersuasive and that his plea had not been voluntary.

Finally, the trial court made no finding that the application to withdraw the plea was made for the purpose of delay. On the basis of that record we held that the trial court should have permitted the defendant to withdraw his plea of guilty. In the *Dukes* case, on the other hand, the defendant did not seek to change his plea until the date set for sentencing at which time the presentence report, which contained information unfavorable to the defendant, was available and the court concluded that the request was made for the purpose of delay. On the record before us the present case is similar to the *Dukes* case and the conclusions of the court are amply supported by the finding of facts. Whether or not the often-proclaimed prerogative of the female of the species exists in right as a matter of fact, there is a limit to its exercise and we find no error in the conclusion of the trial court that the time for its exercise in this case had expired. The court did not abuse its discretion.

There is no error.

In this opinion the other judges concurred.