STATE OF CONNECTICUT *v.* ANONYMOUS (1971–10)

APPELLATE DIVISION OF THE CIRCUIT COURT

PER CURIAM. The defendant, having been convicted of shoplifting; General Statutes § 53-63 (b); has appealed, assigning error in the court's conclusion, upon all the evidence, that the defendant was guilty beyond a reasonable doubt, and in that he was denied his constitutional right to a jury trial. In the view we take of the case, it is only necessary for us to consider the latter assignment of error.

The defendant, not being represented by counsel, was put to plea and pleaded not guilty. The court then told him that if the value of the property was under $15 he was only entitled to a court trial (the value of the property was under $3). The case was assigned for court trial. At the trial, the defendant was represented by counsel who made no objection to the proceedings but who now, on the appeal, raises the issue, for the first time, of the right to trial by jury.

Claims of law, to receive consideration in this court, must have been raised in the court below. They may not for the first time be raised here. Since no claims of law were raised in the court below, the appeal does not properly present any question for our consideration. *State* v. *Dukes,* 157 Conn. 498, 501. Ordinarily, this determination should conclude our discussion of the matter. The defendant, however, in this court has made a claim that in the pro-

ceedings in the trial court he was deprived of his constitutional right to a jury trial. To the extent that the record permits us to do so, we are constrained to examine the merits of this claim.

It is evident from the record that the court before whom the defendant was put to plea was referring to General Statutes § 53-63 (a), which deals with larceny. The defendant, however, was charged under § 53-63 (b) with shoplifting of goods under $15, the penalty for which is a fine of not more than $100 or imprisonment for not more than sixty days, or both.[1] The trial court did not comply with § 51-266.[2] Therefore, the defendant could not be fully cognizant of his rights and make a rational election.

Under the circumstances of this case, we feel that the defendant was denied his constitutional right to a jury trial.

There is error, the judgment is set aside and the case is remanded to be proceeded with in accordance with law.

CASALE, JACOBS and KINMONTH, Js., participated in this decision.

---

[1] "Sec. 53-63. LARCENY. SHOPLIFTING. (a) [Larceny] . . . if it does not exceed fifteen dollars, he shall be fined not more than twenty-five dollars or imprisoned not more than thirty days or both. (b) [Shoplifting] . . . if it does not exceed fifteen dollars, he shall, for the first offense, be fined not more than one hundred dollars or imprisoned not more than sixty days or both."

[2] "Sec. 51-266. JURY TRIALS. There shall be no right to trial by jury in criminal actions where the maximum penalty is a fine of fifty dollars or a jail sentence of thirty days . . . . In criminal proceedings the judge shall advise the accused of his right to trial by jury at the time he is put to plea and, if the accused does not then claim a jury, his right thereto shall be deemed waived, but if a judge acting on motion made by the accused within ten days after judgment finds that such waiver was made when the accused was not fully cognizant of his rights or when, in the opinion of the judge, the proper administration of justice requires it, the judge shall vacate the judgment and cause the proceeding to be set for jury trial in accordance with the provisions of section 51-267."