FRANK D. CHESSON ET AL. *v.* ZONING COMMISSION OF THE CITY OF BRIDGEPORT ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued January 8—decided February 4, 1969

*Robert R. Goldberger,* for the appellants (plaintiffs).

*Arnold J. Bai,* with whom was *William J. Kupinse, Jr.,* for the appellees (defendants Eckart); with him also were *Richard W. Pinto* and, on the brief, *J. Edward Caldwell,* for the appellee (named defendant).

ALCORN, J. On March 1, 1965, a petition was made to the zoning commission of the city of Bridgeport for a change of zone affecting a parcel of land designated as 3720 Madison Avenue in Bridgeport. The change sought was from an A residence classification to a garden apartment classification. The land area for which the change was sought embraced about three acres, and the plan was to erect five buildings containing seventy-six apartments and to provide parking space for eighty cars. At the public hearing on the petition, held on April 30, 1965, opposition was expressed by all adjoining and neighborhood resident property owners. After tabling the petition four times, the zoning commission unanimously granted it, on September 10, 1965, and four-

teen plaintiffs appealed from that decision to the Court of Common Pleas.

The zoning regulations of the city of Bridgeport have been promulgated under authority of the General Statutes, and the right of appeal to the Court of Common Pleas from action by the zoning authorities is governed by §§ 8-8 and 8-9 of the General Statutes.

The plaintiffs alleged, and the defendants denied, that the plaintiffs were aggrieved by the change of zone. The court heard testimony on the aggrievement issue and concluded that the plaintiffs had failed to prove that they were aggrieved. Judgment was rendered accordingly, and the appeal was dismissed.

The plaintiffs have appealed from that judgment, assigning error not only in the trial court's limited finding of subordinate facts and conclusions on the aggrievement issue but also on the grounds that the zoning commission was without jurisdiction either to entertain the petition or to grant it.

It is fundamental that, unless the plaintiffs could succeed in establishing in the trial court that they were aggrieved by the action of the zoning commission, they had no standing to appeal from the commission's decision. General Statutes § 8-9; *I. R. Stich Associates, Inc.* v. *Town Council,* 155 Conn. 1, 3, 229 A.2d 545. Their aggrievement presented an issue of fact for the determination of the trial court, and the court's conclusion cannot be disturbed on this appeal unless the subordinate facts do not support it. *Parcesepe* v. *Zoning Board of Appeals,* 154 Conn. 46, 47, 221 A.2d 270; *Hickey* v. *New London,* 153 Conn. 35, 38, 213 A.2d 308. The court has found only that the plaintiff Frank D. Chesson owns and lives on property known as 3700 Madison Avenue,

which adjoins the rezoned property for about 135 feet, and that the plaintiff Lillian Miklos and her husband own and live on property known as 33 Seaver Circle, the rear line of which adjoins the rezoned property for about eighty-two feet. On the basis of these subordinate facts, the court concluded that none of the fourteen plaintiffs are aggrieved persons. The plaintiffs have sought to have the finding corrected by the addition of other facts claimed to be admitted or undisputed. Although these facts were testified to, they cannot be treated as admitted or undisputed merely because they do not appear to have been contradicted. *Morrone* v. *Jose,* 153 Conn. 275, 277, 216 A.2d 196. It nowhere appears that any of the facts sought to be added to the finding were admitted or undisputed, and consequently no correction of the court's finding of subordinate facts can be made. Practice Book § 628; *Morrone* v. *Jose,* supra.

The fact that a plaintiff's property lies in close proximity to the rezoned property does not alone establish aggrievement. *Hughes* v. *Town Planning & Zoning Commission,* 156 Conn. 505, 508, 242 A.2d 705; *Kyser* v. *Zoning Board of Appeals,* 155 Conn. 236, 242, 230 A.2d 595. The amendment to General Statutes § 8-8 made by No. 712 of the 1967 Public Acts, which became effective after this case was decided and which permits an appeal by an abutting landowner as well as by an aggrieved person, has no bearing on the present case. It is clear that, on the basis of the subordinate facts found, the conclusion of the court that the plaintiffs had failed to establish that they were aggrieved persons was correct. *Josephson* v. *Planning Board,* 151 Conn. 489, 492, 199 A.2d 690. While that result on that issue is, in actuality, decisive of the appeal, we are disposed, in

fairness and justice to the plaintiffs, to consider the other issues which they raise because of the unusual circumstances disclosed by the record and the briefs.

An allusion to an occurrence during the trial which appears in the plaintiffs' brief and the appendix to the brief has prompted us to examine the transcript. Practice Book § 721. There it appears that the trial took place on November 29, 1966. The plaintiffs' first witness on the issue of aggrievement was the plaintiff Frank D. Chesson. After he had described the manner in which his property adjoined the area sought to be rezoned and had expressed the opinion that the proposed garden apartments would "substantially" decrease the value of his property he was excused without cross-examination. Counsel for the zoning commission then stated to the court: "[O]ne witness is sufficient to raise an issue of aggrievement. I don't think we have to hear from any other witnesses on that." Counsel for the property owner agreed that other witnesses would testify in the same general way and express the same general views. The plaintiffs' counsel suggested another witness whom he intended to call. Then followed a colloquy between the court and the plaintiffs' counsel ending with the court's statement: "You have established aggrievement, for that purpose, as far as I am concerned. Now I have to decide whether or not they acted properly on the basis of what they had, not how I would act on the basis of what you put before me." The plaintiffs' counsel then sought, and was granted, the court's permission to present one more witness "[j]ust to show her line is the whole length of the property in the rear." The plaintiff Lillian Miklos then testified, and the plaintiffs rested.

Nearly eight months later, on July 11, 1967, the trial court's memorandum of decision was filed.[1] In it the court stated: "The plaintiffs have failed to sustain their burden of proving that they are aggrieved persons. The appeal should be dismissed." The court then stated that, even if it were to conclude that the plaintiffs were aggrieved, the appeal nevertheless would have to be dismissed, and it proceeded to discuss the decision of the zoning commission and decide that it should be sustained. The judgment, however, as already stated, found the plaintiffs not to be aggrieved and dismissed the appeal.

We cannot know, of course, what, if any, more evidence of aggrievement the plaintiffs might have offered but for the dialogue which took place at the trial, the more significant parts of which we have related. In view of the most unusual aspects of the case, however, we have concluded that a disposition of the appeal should not depend solely on the trial court's conclusion that the plaintiffs are not aggrieved persons.

The plaintiffs claim that the zoning commission lacked jurisdiction to act because the petition made to it was invalid for failure to comply with chapter 6, § 10, of the Bridgeport zoning regulations (1960). That section deals with the conditions for the establishment of garden apartment zones. The portion of the section now material provides: "No land shall be placed in a Garden Apartment Zone except upon the petition of the owner or a proposed devel-

---

[1] We are told, by counsel in argument, that the reason why the judgment is dated April 3, 1967, although the memorandum of decision was filed on July 11, 1967, is that, the permissible time for rendition of judgment being short (General Statutes § 51-29), the court directed entry of the judgment prior to its filing the memorandum of decision.

oper thereof. If the petition is filed by a proposed developer, the consent of the owner to the filing of the same shall appear upon the petition over his signature." The petition in this case was made by Intercounty Properties, Inc., acting by its president, and by attorneys for John R. and Louise A. Eckart, the owners of the property. At the hearing before the zoning commission "the petitioner", who was described as a developer, was represented by counsel. The landowners did not appear. No question of the sufficiency of the petition was raised before the zoning commission. Following the decision of the zoning commission on September 10, 1965, effective September 24, 1965, the plaintiffs filed their appeal on October 13, 1965. Thereafter, in January, 1966, John R. and Louise A. Eckart moved to be made defendants, reciting that an option to sell the property which they had previously given had expired and that they were the sole owners in fee of the property. The court granted the motion, and the Eckarts have appeared, both in the Court of Common Pleas and in this court, by the same counsel who had signed the petition for a change of zone in their behalf, and they have taken a position in support of the decision of the zoning commission. The plaintiffs made no claim in their complaint on appeal that the petition was invalid. The question was first raised in argument in the Court of Common Pleas. They now claim that it is a jurisdictional question which can be raised at any stage of the proceedings.

Under chapter 24, § 1, of the zoning regulations, the zoning commission is empowered to adopt, establish, amend, change or repeal any zoning regulation or the boundaries of any zoning district under the conditions provided by statute and in the regula-

tions. See General Statutes § 8-2; *DeMeo* v. *Zoning Commission*, 148 Conn. 68, 73, 167 A.2d 454. The requirement that, in the case of a petition by a proposed developer, the consent of the owner must appear "over his signature" is one of the conditions stated in the regulations for the establishment of a garden apartment zone. Bridgeport Zoning Regs., c. 6 § 10 (1960). If the plaintiffs had raised the issue before the zoning commission, it could properly have refused to accept and act on the petition. *Ball* v. *Town Plan & Zoning Commission*, 146 Conn. 397, 402, 151 A.2d 327. A failure to comply with the condition, however, amounted only to an irregularity which did not destroy the jurisdiction of the zoning commission to act on the petition. If raised in timely fashion, the defect could readily have been cured since the record makes abundantly clear that not only was there no claim that the property owners did not consent to the change but they in fact affirmatively seek the change. By failing to make timely objection, the plaintiffs have waived their right to attack the petition on the ground now claimed. *Turner* v. *Richardson*, 147 Conn. 423, 425, 162 A.2d 177. "Modern procedural concepts do not favor tardy complaints concerning matters involving no prejudice or injustice which, through inattention or design, have gone unmentioned until too late for correction." *Sinisgalli* v. *Warden*, 153 Conn. 599, 602, 219 A.2d 724.

The plaintiffs' final claim is that the decision of the zoning commission is invalid because it was not rendered within sixty days after the hearing on the petition. General Statutes § 8-3. The claim is without merit. The language of the section is directory only and contains nothing to invalidate a belated decision. *Donohue* v. *Zoning Board of Appeals*, 155

Conn. 550, 554, 235 A.2d 643; *Winslow* v. *Zoning Board,* 143 Conn. 381, 388, 122 A.2d 789.

There is no error.

In this opinion the other judges concurred.