[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JANUARY 18, 1995
In 1992, the defendant, Joseph Misky, Jr. (hereinafter "Misky") filed an application with the defendant South Windsor Planning and Zoning Commission (hereinafter "Commission") for a change of zone from AA-30 Residential to Designed Residence Zone so as to permit the development of a twenty-lot subdivision on 16.05 acres of land. The application was characterized as an "affordable housing development" within the meaning of § 8-30g of the General Statutes because the applicant committed himself to the preservation of at least 20% of the housing units as affordable.
At the Commission's public hearing held on February 2, 1993, a Mr. William Leary submitted a protest petition in opposition to the application which purported to comply with the requirements of § 8-3 (b). On April 27, 1993, the commission voted four in favor to three against for approval of the application with modifications. On May 25, 1993, several of the opponents appealed the commission's decision to this court alleging, as a threshold matter, that the legal effect of the commission's decision was a denial of the application because they claimed that they had produced a valid protest petition in accordance with § 8-3 (b) and therefore, a two-third's majority vote by the commission was required for approval.
On March 15, 1994 this court held an aggrievement hearing and entertained oral argument. The court found that the plaintiffs Josephine Maizon and Sophie CT Page 469-A Muzikevik were statutorily aggrieved but that no other plaintiffs had proved either statutory or classic aggrievement. At the conclusion of the proceedings the court remanded the matter to the commission for the purpose of determining whether the petition complied with requirements of § 8-3 (b).
On April 26, 1994, the commission held a public hearing for the purpose of determining the validity of the petition. On May 17, 1994, the commission determined that the petition failed to satisfy the statutory requirements because it did not contain a sufficient number of valid signatures of owners within 500 feet in all directions of the property in question. Thus, the commission's vote of April 27, 1993 approving the application was confirmed.
The sole issue on this appeal does not involve either the legality of the commission's action of May 17, 1994 in determining that the petition was invalid or the merits of its approval of April 27, 1993, but rather deals with the limited issue of whether Misky's application was invalid because it did not comply with § 11.2.3c of the South Windsor zoning regulations.[1]
That regulation provides as follows:
 Maps shall be submitted in triplicate, showing dimensions of the property to the nearest foot, acreage, current zone and zone change request, and names of current property owners within 500 feet in all directions, as recorded in the Town Assessor's Office. Geodetic and topographical survey maps, with a scale of 1"= 200' feet.
The plaintiffs' argument simply is that Misky failed to submit a list of names of current property owners within 500 feet in all directions as required by the above regulations. The plaintiffs cite the fact that Misky admitted this in his answer dated September 19, 1994. In point of fact, Misky submitted a list which was both incomplete and incorrect. The plaintiffs postulate that this rendered the application invalid and therefore the commission had no right to proceed to consider and act upon it. As a subsidiary argument, the plaintiffs assert that they have the right to rely on CT Page 469-B the accuracy of Misky's list and if the § 8-3 (b) protest petition was invalid it was only because Misky's list was invalid. Therefore, the plaintiffs conclude that the commission's approval of May 17, 1994 was a nullity.
The court's analysis must begin with a review of the applicable principles of statutory construction. Where the language used in legislation is plain and unambiguous there is no room for statutory construction by the courts and the statute will be applied as its words direct. Verrastro v. Siberstein, 188 Conn. 213, 220
(1982). The court cannot read into the terms of a statute something which manifestly is not there in order to reach what the court thinks would be a just result. Johnson v. Manson, 196 Conn. 309, 315 (1985). A statute should be construed so that no word, phrase or clause is rendered meaningless. Verrastro v. Siberstein,supra at 221.
The plaintiffs have analogized § 11.2.3c to the language of § 8-3 (b). However, there is a significant difference between the two. Section 11.2.3c requires that names of current property owners within 500 feet in all directions be submitted "as recorded in the Town Assessor's Office." Section 8-3 (b) predicates a protest petition not on "owners as recorded in the Town Assessor's Office" but rather "owners." It is obvious that this means actual owners, not owners as recorded in the town assessor's office. The distinction is meaningful because someone could be an owner and not have his/her name recorded in the town assessor's office, or the assessor's records could be erroneous or incomplete. Thus, "owner" under § 8-3 (b) is not synonymous with "owners as recorded in the Town Assessor's Office." For example, in Warren v.Borawski, 130 Conn. 676 (1944) our Supreme Court held that an executor or administrator is not an owner within the meaning of an ordinance providing for a protest petition. Indeed, an assessor could easily list the name of an executor or an administrator of an estate as owner when in fact the actual owners are the heirs at law.
The plaintiffs argue that they are entitled to rely on the accuracy of the applicant's list and that they are CT Page 469-C under no independent duty to determine for themselves the identity of the "owners" within the meaning of § 8-3 (b). In fact, one of the organizers of the opposition Mr. Leary, supra at 2, admitted that he relied on the applicant's list in preparing his protest petition when he said "I didn't have anything else to go on, but that abutters' list supplied by the developer."
The record also shows that the opposition verified that the list was deficient and yet never corrected their protest petition. In fact, the nominal plaintiff, Carole Halpin (found by the court not to be aggrieved) acknowledged that the opposition relied on Misky's list totally. At the April 26, 1994 public hearing Mrs. Halpin stated: "when you add back the land area represented . . . by the owners who were left off, but still live within 500', we do have twenty percent."
That the opposition's reliance on the applicant's list was total and exclusive is made clear at page 10 of their brief at which they argue that "an applicant wanting to avoid a protest petition could submit a batch (sic) list of names of the owners within 500' of the land involved in the decision, and then argue that the wrong names have been collected."
The plaintiffs focus on the mandatory nature of the word "shall" as contained in § 11.2.3c. In Arrieu v.Litchfield, 17 Conn. App. 320 (1989) the mandatory "shall" appeared in the zoning regulations in a section entitled "Administration and Enforcement." Section 11.2.3c is likewise found in the South Windsor zoning regulations under Section XI entitled "Administration and Enforcement." Additionally, as in Arrieu, there is no language in the South Windsor regulations that expressly invalidates board action if the applicant does not comply with that provision. Finally, the regulation does not go to the essence of the thing to be accomplished.Engle v. Personnel Appeal Board, 175 Conn. 127,130 (1978).
The primary purposes of § 11.2.3c are to facilitate the duty of the zoning commission to assess the impact of the zone change on abutting or nearby property owners, to determine the uses to which these CT Page 469-D properties are devoted and to gauge the compatibility of the proposed use with these properties. The regulation does not create a subject matter jurisdictional requirement. Laver v. Zoning Commission, 220 Conn. 455,463 (1991).
The plaintiffs rely on Treat v. Town Plan and ZoningCommission, 145 Conn. 406 (1958) for the proposition that when a regulation contains a mandatory filing requirement failure to comply with the requirement invalidates the filing. In that case, a subdivision ordinance required that a petition for approval of the subdivision be filed with the commission. The petitioner delivered his subdivision map to the home of the commission's secretary instead of filing the petition for approval at the offices of the commission. The Supreme Court held that the petitioner's action in leaving the map at a member's home did not constitute a filing. The regulation involved in Treat cannot be placed on the same footing as a legislatively prescribed list of abutting and nearby property owners. A petition for subdivision approval is obviously of the essence of the thing. A list of property owners is not.
The plaintiff's case is more closely analogous to the plaintiff's case in Chesson v. Zoning Commission,157 Conn. 520, 525 (1969). In that case, a Bridgeport zoning regulation provided that "no land shall be placed in a garden apartment zone except upon the petition of the owner or a proposed developer thereof. If the petition is filed by a proposed developer, the consent of the owner to the filing of the same shall appear upon the petition over his signature." (Emphasis supplied.)
The petition filed by the developer did not contain the owner's signature. The plaintiff did not raise the issue before the commission but did so for the first time on appeal as a subject matter jurisdictional issue which it claimed deprived the commission of jurisdiction over the petition.
Implicit in the court's holding was that the absence of the owner's signature did not deprive the commission of jurisdiction. On the contrary, the board held CT Page 469-E that the failure to comply with the regulation's signature requirement "amounted only to an irregularity which did not destroy the jurisdiction of the zoning commission to act on the application. If raised in a timely fashion, the defect could readily have been cured" id. at 527. As in Chesson, neither the plaintiffs herein nor any of the opponents objected to either the sufficiency of Misky's list or to the commission proceeding to hear the application. They raised the issue for the first time in this appeal. Because the sufficiency of the list is not subject matter jurisdictional in nature, the challenge must be deemed to be untimely. Chesson,supra at 527.
As stated above, in the context of this case, the remedy for the deficient list was for the commission to require that it be made correct and complete before it proceeded to consider the application on its merits or, in the alternative, deny the application for lack of compliance. Leach v. Gaetz, 31 Conn. Sup. 81, 84
(1973).
Finally, the plaintiffs urge that Krawski v. Planningand Zoning Commission, 21 Conn. App. 667 (1990) is controlling. Such a position is misinformed because in Krawski, the non-compliance was with a zoning regulation which mandated that houses in the zone be located within a 90' x 90' buildable area. It matters not that only one of several lots in the proposed subdivision failed to comply with this requirement. Obviously, when a single lot in a subdivision does not comply with the regulations then the whole subdivision doesn't comply.
In conclusion, the court holds that Misky's failure to submit a complete and accurate list of property owners as required by § 11.2.3c of the South Windsor zoning regulations neither invalidated his petition nor constituted a jurisdictional impediment to the commission considering and acting upon the application. The court further holds that § 11.2.3c of the South Windsor regulations and § 8-3(b) of the General Statutes are separate and distinct from one another and that an opponent who relies upon the accuracy of a § 11.2.3c list in preparing a § 8-3(b) protest petition CT Page 469-F does so at his/her peril.
The plaintiffs have failed to satisfy their burden that the defendant commission acted illegally, arbitrarily or in abuse of its discretion in approving Misky's application. Accordingly, the appeal is dismissed.