[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 STATEMENT OF APPEAL
The plaintiffs, Denise A.D. Dougiello and Terri Deutsch, appeal from the decision of the defendant, the Fairfield Town Plan and Zoning Commission, granting the resubdivision application of the defendant, Alden Street Partnership.
 BACKGROUND
By application dated December 30, 1996, the defendant, Alden Street Partnership (the Partnership), submitted a resubdivision approval application; (Return of Record [ROR], Exh. 5); and special permit/coastal area management application; (ROR, Exh. 6); to the Fairfield Town Plan and Zoning Commission. The Partnership sought to resubdivide a parcel, located in a "B" zoning district, into five lots. (ROR, Exh. 5). A public hearing on the application, scheduled on February 11, 1997; (ROR, Exh. 14); was continued to March 11, 1997. (ROR, Exh. 13; Exh. 16) The Commission voted to approve the application on March 25, 1997, CT Page 11504 subject to eight conditions. (ROR, Exh. 18)
The plaintiffs, Dougiello and Deutsch, now appeal from the Commission's decision to the Superior Court. In a consolidated matter, Alden Street Partnership v. Town Plan and ZoningCommission of Fairfield, CV-97-03422995, the Partnership appeals from the Commission's decision with respect to two of the imposed conditions.
 JURISDICTION
General Statutes § 8-8 governs appeals taken from the decisions of a zoning commission to the superior court. "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (Internal quotation marks omitted.) BridgeportBowl-O-Rama v. Zoning Board of Appeals, 195 Conn. 276, 283,487 A.2d 559 (1985)
 Aggrievement
"[P]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiff's appeal." Jolly, Inc. v. Zoning Board of Appeals,237 Conn. 184, 192, 676 A.2d 831 (1996)
Dougiello alleges that she is the owner of property abutting the Partnership's parcel. (Appeal, ¶¶ 1, 12). General Statutes § 8-8 (a)(1) provides in part, "`aggrieved person' includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." At the July 29, 1999 hearing before this court, the parties stipulated to facts from which the court finds that Dougiello is statutorily aggrieved.
Deutsch pleads aggrievement as a property owner located within 250 feet of the subject parcel, a "nearby neighbor," who will be adversely affected by the subdivision's negative impact "due to increases of density, flooding, and traffic together with harmful effects on the views and vistas of such a subdivision and its further impact on the environment and local wildlife." (Appeal, ¶¶ 1, 12). Accordingly, Deutsch is not statutorily aggrieved, and must plead and prove classical aggrievement. However, in this matter, the court need not determine whether Deutsch is aggrieved. "At least one plaintiff must establish CT Page 11505 aggrievement for the court to have subject matter jurisdiction over the appeal." R. Fuller, 9 Connecticut Practice Series: Land Use Law and Practice (1993) § 32.3, p. 530. Because the court finds that Dougiello is aggrieved, it is unnecessary to resolve whether Deutsch is aggrieved, as well. See Protect Hamden/NorthHaven from Excessive Traffic Pollution. Inc. v. Planning Zoning Commission, 220 Conn. 527, 529 n. 3, 600 A.2d 757 (1991) (when undisputed that one plaintiff is aggrieved, unnecessary to resolve whether other plaintiffs are aggrieved.).
Timeliness and Service of Process
General Statutes § 8-8 (b) provides, in part, that an "appeal shall be commenced by service of process in accordance with subsections (e) and (if) of this section within fifteen days from the date that notice of the decision was published as required by the general statutes." Subsection (e) further provides that service "shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality."
The record does not contain an affidavit of publication, although it does contain a copy of the Commission's decision, dated April 1, 1997. (ROR, Exh. 18). An allegation in the consolidated appeal, Alden Street Partnership v. Town Plan andZoning Commission of Fairfield, Docket No. CV-97-0342299S, claims that "[o]n March 25, 1997, the TPZ, by Notice of Decision dated April 1, 1997 which was published on said date in accordance with the provisions of statute in the Fairfield Citizen News. . . ." (Appeal, ¶ 7). The Commission admits this allegation in its answer. (Answer, ¶ 7). At the hearing before this court, the parties stipulated to the fact that the decision was published on April 1, 1997.
The present appeal was commenced by service of process on the Fairfield town clerk, and the clerk of the Commission on April 10, 1997, and on the Partnership on April 10 and April 11, 1997. Therefore, the court finds that this appeal was commenced in a timely manner by service of process upon the proper parties.
 SCOPE OF REVIEW
In reviewing a subdivision application "[p]roceedings before planning and zoning commissions are classified as CT Page 11506 administrative. . . . Conclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the record. The credibility of the witnesses and the determination of issues of fact are matters solely within the province of the agency. The question is not whether the trial court would have reached the same conclusion, but whether the record before the agency supports the decision reached. The action of the commission should be sustained if even one of the stated reasons is sufficient to support it. . . . The evidence, however, to support any such reason must be substantial." (Brackets in original; citations omitted; internal quotation marks omitted) Property Group, Inc. v. Planning ZoningCommission, 226 Conn. 684, 696-97, 628 A.2d 1277 (1993)
A planning commission, "acting in its administrative capacity . . . has no discretion or choice but to approve a subdivision if it conforms to the regulations adopted for its guidance. . . . If it does not conform as required, the plan may be disapproved." (Citations omitted; internal quotation marks omitted.) Reed v. Planning Zoning Commission, 208 Conn. 431,433, 544 A.2d 1213 (1988). A commission "is entrusted with the function of interpreting and applying its zoning regulations.
The trial court must determine whether the commission has correctly interpreted its regulations and applied them with reasonable discretion to the facts. . . . The plaintiffs have the burden of showing that the commission acted improperly." (Citations omitted; internal quotation marks omitted.) GormanConstruction Co. v. Planning Zoning Commission,35 Conn. App. 191, 195, 644 A.2d 964 (1994)
 DISCUSSION
Dougiello appeals on the grounds that the Commission acted illegally, arbitrarily and in abuse of its discretion by approving the application without having adopted passive solar energy regulations; (Appeal, ¶ 13); the Commission accepted the application when the owners of the parcel had not properly consented to the application; (Appeal, ¶ 14(a)); and, prior to reaching its decision, the Commission heard no evidence from the Partnership concerning statutorily-required passive solar energy techniques. (Appeal, ¶ 14(b))
 A. Owners' Consent
CT Page 11507
Dougiello argues that the Commission failed to follow its own regulations because the four owners failed to sign the application and failed to properly submit written authorization.[1]
The Commission counters that although three of the letters reference an initial application submitted prior to the final application, "the record is clear that the owners' authorizations, regardless of the date of filing, pertained to the applicant's subdivision plans," and "[c]onsistent with these authorizations, the [subdivision] map filed clearly identifies the property to be provided by the consenting owners." (Commission's Brief, p. 5). The Partnership adds that the [r]ecord clearly establishes that each of the owners was aware of the application and consented to its filing," and that the letters were submitted to the Commission "in advance of the hearing." (Partnership's Brief, p. 4).
Fairfield subdivision regulation § 1.1.1 provides that an applicant shall make a written application to the Commission, and "[i]f the applicant is not the owner of the land to be subdivided, the application shall also be signed by the owner." (Plaintiff's Exh. A)
The record reveals that the resubdivision application, dated December 30, 1996, contains a line entitled "Signature of Owner," upon which is typed "SEPARATE LETTERS OF AUTHORIZATION BEING SUBMITTED." (ROR, Exh. 5). The record further contains three authorization letters, dated August 1, 1996, which consent to the filing of an application dated July 22, 1996 by Alden Street Partnership. (ROR. Exh. 3). These letters were signed by Anthony Anastasio, Joan Stokes, and John C. Lewis, Executor of the Estates of Edwin Charles Lewis and Mary Chaplinsky Lewis, respectively. (ROR, Exh. 3). In addition, another letter, dated February 4, 1997, signed by Herman Fricke, consents to the filing of an application "by the Mountainview Group. " (ROR, Exh. 12).
The subject application was discussed during a March 11, 1997 public hearing. (Supplemental ROR, Transcript, dated March 11, 1997). John Fallon, representing the Partnership, commented that the partners of the Alden Street Partnership were Samuel and Galeke Gladstein and Benjamin A. Levison. (Supp. ROR, Tr., p. 1). Later, David Huntington, an engineer and surveyor, observed that the developers had contracted to acquire the rear portion of the Stokes' property, and property owned by Anastasio and Lewis. CT Page 11508 (Supp. ROR, Tr., p. 9). Responding to an inquiry from Commissioner Gumpper, concerning who was joining in the application, Fallon replied that "[t]he Stokes are and there's a letter on file from them." (Supp. ROR, Tr., p. 12). Later, Fallon reiterated that "[Joan Stokes] has consented to the application. . . ." (Supp. ROR, Tr., p. 17).
In Chesson v. Zoning Commission, 157 Conn. 520, 254 A.2d 864
(1969), the plaintiffs argued that a zoning commission lacked jurisdiction to act on a zone change petition because the petition failed to comply with Bridgeport's zoning regulations. The regulations provided that when a proposed developer filed a particular zone change petition, the owner's consent must appear over the developer's signature, however, the petition at issue was made by the developer and by the owners' attorneys. The developer/petitioner appeared at the hearing, although the landowners did not, and no questions concerning the petition's sufficiency were raised before the commission. Following the plaintiffs' appeal from the commission's granting of the petition, the owners' motion to be joined as defendants was granted.
The court acknowledged that the regulations required owner consent over the developer's signature, but that the failure to comply with this condition was merely an irregularity. The court noted that if the plaintiffs had raised the issue before the commission, it properly could have refused to accept and act upon the petition. The court emphasized that "[i]f raised in a timely fashion, the defect could readily have been cured since the record makes abundantly clear that not only was there no claim that the property owners did not consent to the change but they in fact affirmatively seek the change. By failing to make timely objection, the plaintiffs have waived their right to attack the petition on the ground now claimed." Chesson v. ZoningCommission, supra, 157 Conn. 527.
In the present appeal, neither the hearing transcript; (Supp. ROR, Tr.); nor the "Statement of Opposition" that Dougiello offered to the Commission at the hearing; (ROR, Exh. 17); reflect that Dougiello raised any questions before the Commission concerning improper, consent to the application. As previously stated, however, the record does contain the three authorization letters consenting to the filing of a July 22, 1996 application by the Partnership; (ROR, Exh. 3); and the fourth letter, consenting to an application to be filed "by the Mountainview CT Page 11509 Group. " (ROR, Exh. 12).
The Partnership argues that the record "clearly establishes that each of the owners was aware of the application and consented to its filing. This includes both an initial application filed by Alden Street that was withdrawn so that a minor technical revision to a lot line could be made and the subsequent application that was identical in nature and was approved by the TPZ." (Partnership's Brief, p. 4). Referring to a subdivision map, the Commission adds that "[t]he record clearly shows that the only property owners with an interest in the subdivision were Anthony Anastasia [sic], Joan Stokes, the Estate of Lewis, Executor, and Herman Fricke." (Commission's Brief, p. 5)
Although the July 22, 1996 application is not part of this record, the subdivision map does reference the names of owners Joan Stokes and Henry Fricke. (ROR, Exh. 22; Exh. 23). The record contains no affirmative evidence that the owners rescinded their initial consent, or are now objecting to the present application. The record further reflects that Huntington affirmatively represented to the Commission at the public hearing that the developers "contracted to acquire" portions of the Stokes, Anastasio, and Lewis properties. (Supp. ROR, Tr., p. 9).
The court finds, therefore, that the previous owner authorization letters, coupled with Huntington's representation that the developers have "contracted to acquire" portions of the subject properties, serve as consent for the present application; and, further, the court finds that the lack of express owner authorization for this application is merely an "irregularity," given the absence of record evidence of the owners' objections. The court concludes, therefore, that the appeal should not be sustained on the ground of lack of owner consent.
B. Passive Solar Energy Regulations
Douciello further argues that the Commission has failed to adopt passive solar regulations despite the statutory mandate of General Statutes § 8-25 (b)
The Commission and the Partnership counter that the Commission's failure to adopt passive solar regulations does not invalidate the resubdivision application approval. CT Page 11510
General Statutes § 8-25 (b) provides, in part, "[t]he regulations shall require any person submitting a plan for a subdivision to the commission under subsection (a) of this section to demonstrate to the commission that he has considered, in developing the plan, using passive solar energy techniques which would not significantly increase the cost of the housing to the buyer. . .
The Fairfield subdivision regulations in effect at the time of the subject application did not require that the commission consider passive solar energy techniques (PSETS). (Plaintiff's Exh. A). Interestingly, the current regulations, amended to June 8, 1999, now incorporate such a requirement. (Supp. ROR, Subdivision Regulations § 1.1.13)
In Avery v. Stafford Planning Zoning Commission, Docket No. 044737, judicial district of Tolland at Rockville (March 17, 1992, Klaczak, J.), the court addressed a commission's failure to address PSETS with respect to a subdivision application. The court determined that the regulations did not contain any such requirement, nor did the record reveal that the matter was ever addressed by anyone. The court noted that the commission was acting in an administrative capacity when reviewing a subdivision plan, and it had no choice but to approve the plan if it conformed to the regulations. The court emphasized that "[i]n this case, since there was no zoning regulation in effect on this issue, there was no failure of compliance with regards thereto." Id. The court concluded that "our Supreme Court has held that the appropriate procedural vehicle to attack a regulation was a declaratory judgment action and not an appeal from an individual application. Bombero v. Planning Zoning Commission,218 Conn. 737, 742 (1991). Spero v. Zoning Board of Appeals, 217 Conn. 435, (1991)." Id.
The court finds that the appropriate method to have raised the issue of Fairfield's lack of PSET regulations was by way of a declaratory judgment action, or mandamus action, not by way of an administrative appeal. Accordingly, the court concludes that the appeal should not be sustained on this ground.
 CONCLUSION
For the reasons discussed above, the appeal is dismissed.
THE COURT, CT Page 11511Lubbie Harper, Jr. Judge