[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
I. FACTS
Paul Ingalls and Richard Daricek (the applicants) applied to the Clinton Planning and Zoning Commission (the defendant) for site plan approval of an outdoor go cart track at 348 East Main Street, Clinton (the property).[1] (Return of Record [ROR], Exhibit 10). The defendant granted the application on May 11, 1998 and published its decision in theClinton Recorder on May 16, 1998. (ROR, Exhibits 7, 8, 9). The plaintiffs, National Hotel Properties, Inc. and Lariviere Enterprises, Ltd., each own land within a one hundred foot radius of the property. (Complaint, par. 3). The plaintiffs appeal from the defendant's decision and allege that the defendant acted illegally, arbitrarily and in abuse of its discretion in approving the site plan. (Complaint, par. 4).
II. DISCUSSION
A. Aggrievement
"[P]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiff's appeal." Jolly, Inc. v. Zoning Board ofAppeals, 237 Conn. 184, 192, 676 A.2d 831 (1996). Section8-8 (b) of the General Statutes provides, in pertinent part, CT Page 15058 that "any person aggrieved by any decision of a [planning and zoning commission] may take an appeal to the superior court . . . ." Section 8-8 (a)(1) of the General Statutes provides that an aggrieved person, for purposes of § 8-8, "includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the [planning and zoning commission]."
Agents for the plaintiffs testified at the hearing before this court that each of the plaintiffs owned land within a one hundred foot radius of the property. Accordingly, the plaintiffs are statutorily aggrieved.
B. Timeliness
An appeal of a planning and zoning commission's decision must "be commenced by service of process . . . within fifteen days from the date that notice of the decision was published. . . ." General Statutes § 8-8 (b) The return of record contains a legal notice of decision which states that notice of the decision was to be published in the Clinton Recorder
on May 16, 1998. (ROR, Exhibit 9).[2] On May 28, 1998, Polly Anne Brown, Assistant Town Clerk of Clinton, and Michael Mozzochi, Chairman of the Clinton Planning and Zoning Commission, were served with process. The applicants were also served on May 28, 1998. Accordingly, the appeal is timely.
C. Scope of Review
Section 8-3 (g) of the General Statutes provides, in pertinent part, that "[a] site plan may be modified or denied only if it fails to comply with requirements already set forth in the zoning . . . regulations." The function of a trial court on appeal from a planning and zoning commission's decision is to determine whether substantial evidence exists in the record to support the commission's decision. SeeDeBeradinis v. Zoning Commission, 228 Conn. 187, 199-200,635 A.2d 1220 (1994).
A commission has reasonable discretion in interpreting and applying its zoning regulations to the facts of each case. See Irwin v. Planning Zoning Commission, 244 Conn. 619,627-28, 711 A.2d 675 (1998). "Courts are not to substitute their CT Page 15059 judgment for that of the board . . . and decisions of local boards will not be disturbed so long as honest judgment has been reasonably and fairly exercised . . . ." (Citation omitted; internal quotation marks omitted.) Bloom v. ZoningBoard of Appeals, 233 Conn. 198, 206, 658 A.2d 559 (1995). The plaintiffs have the burden of demonstrating that the zoning commission acted improperly. See id. A court is limited to determining whether a zoning commission's act was "arbitrary, illegal or an abuse of discretion." Id., 205-06.
1. Whether the defendant failed to follow the zoning regulations
The plaintiffs argue that the defendant's decision was illegal, arbitrary and an abuse of its discretion because it failed to follow the Clinton zoning regulations. First, the plaintiffs claim that the defendant failed to hold a public hearing. The Clinton zoning regulations do not require a public hearing for a site plan review. Under the Clinton zoning regulations, a public hearing is optional and within the sole discretion of the defendant. (ROR, Exhibit 18).
Second, the plaintiffs argue that the defendant failed to give due consideration to dust or dirt emitted into the air, odors, gases, fumes or noise as required by Sections 4.3.2 (a), 4.3.2(b) and 4.3.2(c), respectively, of the Clinton zoning regulations. The defendant discussed the fact that the go carts were gas-powered and asked the applicants to provide additional information on this. (ROR, Exhibits 2, 16). The noise level of the go-carts was also specifically addressed and found acceptable by the defendant. (ROR, Exhibits 7, 17).
Moreover, the plaintiffs do not argue that the Clinton zoning regulations pertaining to dust or dirt emitted into the air, odors, gases, fumes or noise were violated, but merely that the defendant did not give due consideration to these factors. "The approval, [however], of [a] site plan means that the commission found that [the] parcel was in conformity with all of the applicable zoning regulations." CRRA v.Planning and Zoning Commission, 46 Conn. App. 566, 573,700 A.2d 67, cert. denied, 243 Conn. 935, 702 A.2d 640 (1997).
Third, the plaintiffs argue that the defendant granted the site plan application when it was not certified by a professional engineer and was missing the following: an A-2 CT Page 15060 survey; a location map; a topographic map; a plan showing the location of abutting wells and septic systems; a plan showing existing and proposed driveways and entrances; and a complete parking layout as required by Sections 10.1.2(a), 10.1.2(b), 10.1.2(c), 10.1.2(d), 10.1.2(e) and 10.1.2(f), respectively, of the Clinton zoning regulations.
The Clinton zoning regulations provide that the above-mentioned information shall be included in a site plan application "as applicable." (ROR, Exhibit 18). The Clinton regulations also provide that "[t]he Commission shall determine when an application is complete." (ROR, Exhibit 18).
The court finds that the location and topographic maps substantially comply with the Clinton zoning regulations. (ROR, Exhibit 10). The site plan was not requesting any water or sanitary connections. (ROR, Exhibits 10, 13, 16, 17). Therefore, the absence of a plan showing the location of abutting wells and septic systems was not unreasonable. Additionally, the record reveals that the applicants were told to ensure that the ground coverage measurements and parking areas were in compliance with the regulations. (ROR, Exhibit 5).
Moreover, "[a] failure to comply with [a municipal zoning] condition . . . [may amount] only to an irregularity which [does] not destroy the jurisdiction of the zoning commission to act on the petition." Chesson v. ZoningCommission, 157 Conn. 520, 527, 254 A.2d 864 (1969). In the present matter, the court finds that the applicants' failure to comply with all of the applicable Clinton zoning regulations constituted an irregularity which did not invalidate the defendant's authority to grant the site plan application.
The record demonstrates that, in approving the site plan application, the defendant acted in a reasonable manner. The defendant considered the site plan application at two regular meetings and a subcommittee review meeting. (ROR, Exhibits 2, 5, 7). Referrals were made to the regional planning agency and a neighboring municipality. (ROR, Exhibits 14, 15). The regional planning agency determined that it did not have to review the site plan application and the neighboring municipality concluded that there would be no impact on it as CT Page 15061 a result of the site plan. (ROR, Exhibits 14, 15). Moreover, as the defendant argues and the record reveals, the improvements intended on the property were mostly landscaping and paving with one prefabricated shed and no plumbing, kitchen or restroom facilities to be located on site. (ROR, Exhibit 10).
Implicit in the defendant's decision was a determination that the site plan application met the requirements for site plan review as set forth in the Clinton zoning regulations. In granting the site plan application, the court cannot find that the defendant acted arbitrarily, illegally or abused its discretion.
Lastly, the plaintiffs argue that the defendant failed to state the reasons upon which the application was granted in accordance with Section 10.9 of the Clinton zoning regulations. The Supreme Court has held, however, that "it is improper for the reviewing court to reverse an agency decision simply because an agency failed to state its reason for its decision on the record." Samperi v. Inland Wetlands Agency,226 Conn. 579, 588, 628 A.2d 1286 (1993). Accordingly, the defendant's failure to comply with the regulation does not invalidate its decision.
2. Whether the applicants had a legal right to submit the site plan application.
The plaintiffs argue that approval of the site plan application was arbitrary, illegal and an abuse of the defendant's discretion because (1) the owners of the property did not execute the site plan application, nor did they approve it and (2) the record is devoid of any proof that the applicants had any legal interest or right to the property.
There is no provision in the Clinton zoning regulations requiring consent of the property owner for a zoning application, including a site plan application. There is also no provision that the owner of the property sign the application. Although the site plan application form contains a line for the owner's signature, this is insufficient to establish a requirement for owner consent. See AutomatedContainer Recovery, Inc. v. Planning Commission, Superior Court, judicial district of New Britain, Docket No. 462678 (December 8, 1994, Kremski, J.). CT Page 15062
Absent a specific requirement in the applicable zoning regulations that an owner of property must execute or authorize a zoning application, the Connecticut Supreme Court has held that nonowners have standing to submit zoning applications where "they were able to demonstrate a substantial interest in the property." Richards v. Planning Zoning Commission, 170 Conn. 318, 321-22, 365 A.2d 1130
(1976). The necessary substantial interest which a nonowner must possess has not been clearly defined. "The decisions have not been based primarily on whether a particular applicant could properly be characterized as an optionee or a lessee, but, rather, on whether the applicant was in fact a real party in interest with respect to the subject property. Whether the applicant is in control of the property, whether he is in possession or has a present or future right to possession, whether the use applied for is consistent with the applicant's interest in the property, and the extent of the interest of other persons in the same property, are all relevant considerations in making that determination." Id., 323-24.
The record is devoid of any indication as to the status of the applicants with respect to the property. The site plan application indicates that the applicants were not the owners of the property because the names of the owners of record were filled in on the application and Ingalls signed the application in the space designated "Applicant/Agent(s) Signature." (ROR, Exhibit 10). At the hearing on this matter, however, the parties referred to the applicants as proposed lessees of the property.
The complaint alleges that the site plan application was granted without the consent or knowledge of the owners of the property. The defendant, however, specifically denied this allegation in its answer and there is nothing in the record that was before the defendant prior to its granting the application to indicate that the owners objected.
As proposed lessees, the applicants will have a future right of possession in the property once the owners grant a lease to them. As such, the applicants have the necessary substantial interest in the property to submit a site plan application. See J B Construction and Contracting Services,Inc. v. Zoning Board of Appeals, Superior Court, judicial CT Page 15063 district of Hartford, Docket No. 549412 (February 23, 1996,Holzberg, J.) (where a nonowner of property, who merely intended to enter into a lease agreement with the owner of the property upon approval of a variance, applied for the variance, the court upheld the zoning board of appeal's approval of the variance on the ground that the nonowner was "a real party in interest with respect to the subject property.").
"The purpose of the standing requirement is to prevent applications for land use approvals by persons who have no real interest in the subject property or who file an application for an improper motive." Automated ContainerRecovery, Inc. v. Planning Commission, supra, Superior Court, Docket No. 462678. These concerns do not exist in the present matter because the applicants, as proposed lessees, have an interest in the property distinguishable from that of the general public. Moreover, the applicants have the proper motive of implementing a business on the property once the lease is granted.
Furthermore, "a zoning commission enjoys reasonable discretion in construing the regulations that it is charged with enforcing." Spero v. Zoning Board of Appeals,217 Conn. 435, 440, 586 A.2d 590 (1991). The defendant's decision reflects that it determined that the applicants had a sufficient interest in filing the application. Based on the broad interpretation concerning the substantial interest which a nonowner must possess in order to file a zoning application and the fact that a local land use board has discretion in interpreting its own regulations, the plaintiffs have not sustained their burden of proving that the defendant acted arbitrarily, illegally or abused its discretion in approving the site plan application.
For the reasons herein stated, it is concluded that the plaintiffs' appeal should be and is hereby dismissed.
It is so ordered.
By the court
Arena, J.